Wolff, Appellant, vs. Bluhm and others, Respondents.

*January 18 — February 2, 1897.*

### Duress, what constitutes.

A mere threat, by the father of a girl of the age of fifteen years, to prosecute criminally a married man who had unlawfully caused her to become pregnant, unless he would give a note and mortgage to provide for the care of her and her child, does not constitute duress which will avoid the securities given by him in compliance with the demand, where it appears that he did not execute them until several days after the threat and after he had consulted with friends, who advised him to settle.

Appeal from a judgment of the circuit court for Sheboygan county: N. S. Gilson, Circuit Judge. *Reversed.*

Defendants *Gottfried Bluhm* and *Eliza Bluhm* were husband and wife. *Gottfried Bluhm* was charged by the father of one Ida Nell, a young girl of the age of fifteen years and unmarried, with being the father of a child with which she was pregnant. For the purpose of providing for the care of the girl and of the child, *Gottfried Bluhm* executed and delivered to *August Wolff*, as trustee, a note dated June 21, 1894, for $300, payable in instalments, and to secure the payment of the same the *Bluhms* executed and delivered to such trustee a real-estate mortgage. The maker failed to pay the note according to its terms, and thereupon this action was brought to foreclose the mortgage. An answer was interposed to the effect that the note and mortgage were obtained by duress and were void on that account. The case turned on the truth of the allegations of the answer, in that regard. The court found in favor of the defendants. The court further found that *Gottfried Bluhm* was the father of the child of Ida Nell, and that such fact constituted a good consideration for the note and mortgage, but that the same

were void because of the manner in which they were obtained. Proper exceptions were filed to preserve for review the questions treated in the opinion. Judgment was entered canceling the note and mortgage, and for costs in favor of the defendants, and from such judgment this appeal was taken.

The cause was submitted for the appellant on the brief of *Simon Gillen* and *Martin Hughes*, and for the respondents on that of *C. H. Maynard*, attorney, and *M. C. Mead*, of counsel.

MARSHALL, J. · The sole question here is, Does the evidence warrant the finding that the note and mortgage were obtained by duress? That *Gottfried Bluhm* was the father of the child with which the girl, Ida Nell, was pregnant, that he was so charged, and was threatened with criminal prosecution unless he gave such note and mortgage to provide for the care of the girl and the child, and that he complied with such demand, appears by the findings, and is well supported by the evidence; yet all this does not necessarily constitute duress. The evidence shows that William Nell, the father of the girl, went to *Bluhm's* house, June 17, 1894, and accused the latter of having been intimate with his daughter, and demanded $500 to settle the matter, stating that unless such sum was paid he (*Bluhm*) would be sent to Waupun; that *Bluhm*, the same day, talked the matter over with the girl and her father; that she would not say anything about it; that Nell, after seeing Joseph Klahn, proposed to *Bluhm* that he should pay $300, stating that Klahn would pay $200; that, on the 20th day of June, *Bluhm* talked the matter over with *August Wolff*, a member of the board of supervisors of the town, who advised him that he might be sent to Waupun, and that he had better settle, or go and see a lawyer and be guided by him; that,

on the 21st day of June, *Bluhm* visited L. A. Bartlett, a merchant at Cascade, and advised with him respecting the matter, the result of which was that Bartlett advised a settlement, and thereupon the settlement complained of was arranged, under Bartlett's direction, at whose suggestion *Mr. Wolff* was made trustee for the benefit of the girl and Nell, who proposed taking care of her and the child. The note and mortgage were executed to consummate such settlement. *Bluhm* had plenty of time, it will be observed, and the amplest opportunity, to consult with disinterested friends and with a lawyer, if he desired, before coming to a conclusion. It is very clear to our minds that he did not act under duress. His will was not overcome, in a legal sense. He was free to do as he saw fit at all times,— to come and go as he chose; and after being fully advised, so far as he desired, by his own friends and neighbors, he executed the papers in suit. Duress exists when one, by the unlawful act of another, is induced to make a contract, or to forego some act, under circumstances which deprive him of the exercise of his free will. 6 Am. & Eng. Ency. of Law, 64–69; *City Nat. Bank v. Kusworm*, 91 Wis. 166. It is not the threat of criminal prosecution in any case that constitutes duress, but the condition of mind produced thereby. The threat must be of such a nature, and made under such circumstances, as to constitute a reasonably adequate cause to control the will of the threatened person, and must have that effect, and the act sought to be avoided must be performed by such person while in such condition. A threatened lawful arrest or prosecution, which does not imply harsh or unusual use of criminal process, and where no warrant has been issued and there is no danger of the threat being immediately carried out, does not constitute duress. *Harmon v. Harmon*, 61 Me. 227; *Higgins v. Brown*, 78 Me. 473; *Landa v. Obert*, 45 Tex. 539.

In view of the foregoing, obviously, there is an entire fail-

ure of evidence in this case to support the finding of the trial court that the note and mortgage were obtained by duress.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to render judgment in favor of the plaintiff according to the prayer of the complaint.