# CASES DETERMINED

# August Term, 1899.

---

MACK, Guardian, Appellant, vs. PRANG, imp., Respondent.

*June 5 — September 26, 1899.*

*Duress: Threats of imprisonment of husband: Negotiable instruments:*
*Bona fide purchaser: Guardians.*

1. Threats of an employer to prosecute an employee for embezzlement
   and send him to jail unless his wife would execute a note and a
   mortgage of her own property to secure her husband's debt con-
   stituted duress rendering voidable the note and mortgage so exe-
   cuted where the will of the wife was so overcome by the threats
   that the execution of the instruments was not her voluntary act.
2. One of two joint guardians of an infant, being unable to account for
   money of the ward which he had received, resigned his guardian-
   ship and turned over a note and mortgage, payable to him but not
   yet due, to the remaining guardian, who received them in payment
   *pro tanto*, at their face value, of the indebtedness of the payee to
   the ward. *Held*, that the remaining guardian thereby became a
   *bona fide* holder for value of the note.
3. The defense that negotiable paper was executed under duress by
   threats of imprisonment of a relative is not available against a
   *bona fide* purchaser before maturity.

APPEAL from a judgment of the superior court of Milwau-
kee county: J. C. LUDWIG, Judge. *Reversed.*

This is an action of foreclosure of a note and mortgage
for $2,500 executed June 10, 1892, by the defendant *Marie
J. Prang* and her husband, William Prang, and delivered
to one Herman S. Mack, and assigned by him to the plaint-

iff as guardian of Alma Mack, December 19, 1894, and before maturity. The mortgage covered real estate in the city of Milwaukee, which was the property of the defendant *Marie Prang*, and both note and mortgage were given to secure payment of an indebtedness then owing by the husband, William Prang, to Herman S. Mack. The defense was that both note and mortgage were executed by the defendant *Marie Prang* under duress, consisting of threats of imprisonment of her husband, William Prang. The action was referred to W. J. McElroy, Esq., to hear, try, and determine the same.

The referee found that prior to the 10th of June, 1892, William Prang was a traveling salesman in the employ of H. S. Mack & Co., of Milwaukee, and that at said time he had appropriated to his own use, of the moneys of said firm, more than $5,000; that during three days prior to and on the 10th day of June, 1892, Herman S. Mack, directly and through the defendant William Prang, threatened *Marie* that, if she did not execute the note and mortgage in question, he would prosecute her husband, William Prang, and have him sent to prison, and that *Marie* executed said note and mortgage only under the fear that, if she refused to execute the same, her husband would be prosecuted and sent to prison; that no money was ever paid or authorized to be paid by the defendant *Marie Prang* upon said note and mortgage, nor had she knowledge of any payment being made thereon; that the amount due on the note from William Prang to the plaintiff amounted to the sum of $3,321.25. And as conclusions of law the referee found that the defendant *Marie Prang* was entitled to judgment of dismissal of the action, with costs, and that, as to her, said note and mortgage be canceled, and that the plaintiff was entitled to judgment against William Prang for the amount of the note with costs.

Upon motions being made by the plaintiff to modify said

report, and by the defendant to confirm the same, the court modified the findings by adding a finding, in effect, that the plaintiff was and is a *bona fide* purchaser, for value and before maturity, of the note and mortgage in question, and also that at the time of the execution of said mortgage the will of said *Marie Prang* was overpowered by said threats, and that the execution of said mortgage by her was not her voluntary act. Thereupon judgment was entered in favor of the defendant *Marie J. Prang*, setting aside the said note and mortgage as to her, and from that judgment this appeal is taken.

For the appellant there was a brief by *Miller, Noyes, Miller & Wahl*, and oral argument by *Geo. H. Noyes*. To the point that a threatened lawful arrest or prosecution which does not imply harsh or unusual use of a criminal process, when no warrant has been issued and there is no danger of the threat being immediately carried out, does not constitute duress, they cited *Wolff v. Bluhm*, 95 Wis. 257–259; 6 Am. & Eng. Ency. of Law, 64, 69; *Compton v. Bunker Hill Bank*, 96 Ill. 301; *Nealley v. Greenough*, 25 N. H. 325; *Alexander v. Pierce*, 10 N. H 494; *Eddy v. Herrin*, 17 Me. 338; *Harmon v. Harmon*, 61 Me. 227; *Higgins v. Brown*, 78 Me. 473; *Hilborn v. Bucknam*, 78 Me. 482; *Taylor v. Jaques*, 106 Mass. 291; *Landa v. Obert*, 45 Tex. 539.

For the respondent there were briefs by *Sylvester, Scheiber & Orth*, and oral argument by *Frederick Scheiber*. They contended, *inter alia*, that duress is available as a defense against a *bona fide* purchaser for value before maturity. Story, Bills, § 185; 1 Daniel, Neg. Inst. §§ 857, 858; 1 Parsons, Notes & Bills, 276; *Palmer v. Poor*, 121 Ind. 135; *Barry v. Equitable L. A. Soc.* 59 N. Y. 587; *Hatch v. Barrett*, 34 Kan. 233; Thompson, Bills (Wilson's ed.), 62; *Duncan v. Scott*, 1 Campb. 100; Tiedeman, Comm. Paper, § 287; *Berry v. Berry*, 57 Kan. 691; *Earle v. Norfolk & N. B. H. Co.* 36 N. J. Eq. 192; 10 Am. & Eng. Ency. of Law (2d ed.), 327; *Jordan v. Elliott*,

Mack vs. Prang.

12 Weekly Notes Cases, 56; *Clark v. Pease,* 41 N. H. 414; *Walker v. Ebert,* 29 Wis. 194; *Kellogg v. Steiner,* 29 Wis. 626; *Tisher v. Beckwith,* 30 Wis. 55; *Andrews v. Thayer,* 30 Wis. 228; *Butler v. Carns,* 37 Wis. 61; *Chipman v. Tucker,* 38 Wis. 43; *Roberts v. McGrath,* 38 Wis. 52; *Griffiths v. Kellogg,* 39 Wis. 290; *Bowers v. Thomas,* 62 Wis. 480. Appellant is not a *bona fide* holder for value of the mortgage in question. *Martin v. Davis,* 80 Wis. 378; *McDonald v. Fire Asso.* 93 Wis. 348; Schouler, Ex'rs & Adm'rs, § 400; *Bowman v. Van Kuren,* 29 Wis. 209 (217); *Black v. Tarbell,* 89 Wis. 390; *Burnham v. Merchants' Exch. Bank,* 92 Wis. 277; Woerner, Guardianship, § 53.

The following opinion was filed June 22, 1899:

WINSLOW, J. It is admitted that this was a mortgage given by the wife upon her own property to secure the debt of her husband, but it is claimed by the appellant that there was not sufficient evidence to establish the defense of duress. We cannot agree with this contention. The defendant William had been for several years a traveling salesman for Herman S. Mack, the original mortgagee, and was short in his accounts to the amount of $5,000. The evidence of both *Marie* and William Prang was to the effect that both Mack and his bookkeeper personally came to see *Mrs. Prang,* and threatened to prosecute William for embezzlement, and send him to jail, unless she would give the mortgage; that she at first refused, and that they gave her a day or two to think the matter over; that she was greatly excited and alarmed at these threats, and had fainting spells both before and after she executed the mortgage, and that she only executed it to prevent her husband being sent to jail. It is true, this testimony was substantially contradicted by Mack and the bookkeeper, but we cannot say that the findings on this point were against the weight of the evidence. Facts substantially similar to these have frequently been held to constitute du-

ress which renders voidable a security or contract executed under their influence. *McCormick H. M. Co. v. Hamilton,* 73 Wis. 486; *City Nat. Bank v. Kusworm,* 88 Wis. 188, and cases cited in opinion. It is true that the will of the person making the contract must be overcome so that the act is not his voluntary act, but that fact is found in the present case, and upon evidence which we think sufficient. Nor is this doctrine in any way in conflict with what was said by this court in *Wolff v. Bluhm,* 95 Wis. 257. That was a case, as distinctly stated in the opinion, where the evidence showed that the will was not overcome, and the party acting under the alleged duress was free to act as he chose, and only acted after consulting his friends and neighbors. It was also there said that in order to constitute duress "the threat must be of such a nature, and made under such circumstances, as to constitute a reasonably adequate cause to control the will of the threatened person, and must have that effect, and the act sought to be avoided must be performed by such person while in such condition."

The fact of duress being found upon sufficient evidence, two further questions require consideration, namely: Was the plaintiff a *bona fide* holder? and, If so, does such fact cut off the defense of duress?

The court below found that the plaintiff was a *bona fide* holder before due, and this was plainly correct. The facts were these: Herman Mack and *Bertha Mack,* the plaintiff, were joint guardians of Alma Mack, an infant. Herman received $10,000 of the property of Alma, and in December, 1894, was in failing circumstances and unable to account for it. Thereupon he resigned his guardianship, which resignation was accepted by the county court, leaving *Bertha* sole guardian. After resigning, he turned over this note and mortgage to *Bertha,* who received it in payment *pro tanto,* at its face value, upon Herman's indebtedness to his ward. It had not matured when thus sold to *Bertha.* No reason is perceived why the remaining guardian might not

receive the mortgage in payment of the former guardian's liability to the ward,— at least, to the amount of its actual value. A transfer of negotiable paper before due in payment of a pre-existing debt constitutes the purchaser a *bona fide* holder. *Shufeldt v. Pease*, 16 Wis. 659; *Kellogg v. Fancher*, 23 Wis. 21.

There is some conflict in the authorities upon the question whether the defense of duress by threats can be successfully urged against a *bona fide* holder for value of negotiable paper, but the better opinion and weight of authority is that such defense stands upon the same footing as other defenses which may be made as between the original parties but are cut off when the paper reaches the hands of a *bona fide* holder. *Fairbanks v. Snow*, 145 Mass. 153; *Farmers' & M. Bank v. Butler*, 48 Mich. 192; *Clark v. Pease*, 41 N. H. 414; *Beals v. Neddo*, 1 McCrary, 206; *Martineau v. McCollum*, 3 Pin. 455; 4 Am. & Eng. Ency. of Law (2d ed.), 334. Duress which consists of threats of imprisonment of a husband or a child is a species of fraud, which renders the contract made under its influence voidable *only*, and not void. *City Nat. Bank v. Kusworm*, 91 Wis. 166. If it be simply a voidable contract, then it follows naturally that, when the contract consists of negotiable paper, the defense is cut off by transfer to a *bona fide* purchaser before maturity, in the same manner that other defenses upon the ground of fraud are cut off. The conclusion is that the plaintiff was entitled to a judgment of foreclosure notwithstanding the duress.

*By the Court.*— Judgment reversed, and action remanded with directions to enter the usual judgment of foreclosure and sale.

A motion for a rehearing was denied September 26, 1899.

As to contracts procured by threats of prosecution of a relative, see note to *City Nat. Bank v. Kusworm* (88 Wis. 188), in 26 L. R. A. 48; also *Loud v. Hamilton* (Tenn.), 45 L. R. A. 400.— Rep.