Rochester Machine Tool Works vs. Weiss.

*By the Court.*— The judgment of the superior court is reversed, and the cause remanded for a new trial.

BARDEEN, J., took no part.

---

ROCHESTER MACHINE TOOL WORKS, Respondent, vs. WEISS, Appellant.

*December 10, 1900 — January 8, 1901.*

*Account stated: Surcharging: Evidence: Duress: Court and jury: New trial: Newly discovered evidence: Interest: Computation by court.*

1. In an action upon an account stated it was proper to exclude evidence by which it was sought to surcharge the account without having laid any proper foundation therefor.

2. What constitutes duress is a matter of law, and whether duress existed in a particular transaction is a question of fact for the jury; but where (as in this case) the evidence shows that there is no foundation for the claim of duress the court may so decide and take the case from the jury.

3. In an action upon an account stated the denial of a motion for a new trial on the ground of newly discovered evidence, consisting of a letter from plaintiff which it is claimed tends to dispute the justice of an item in the account, is *held* not an abuse of discretion.

4. In an action upon an account stated the inclusion, in a verdict directed by the court, of interest to which plaintiff was entitled, but which was not computed by any witness, was not error.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

This action is upon an account stated. It appears that prior to September 21, 1895, the defendant had had dealings with plaintiff in the purchase and sale of machinery, and that there was an open and unliquidated account between them. A few days prior to the date last mentioned the plaintiff sent its agent to Milwaukee to make a settlement. The parties got together and spent about four days in looking over their accounts, and at the close the defendant signed a statement in writing, at the foot of the account, in which he admitted that he was indebted to plaintiff in the sum of $1,333.74. The answer set up false representations by plaintiff's agent and duress. After hearing the evidence, the trial court directed a verdict for the plaintiff for $1,540.46, upon which verdict judgment was duly entered. A motion for a new trial on the ground of error and newly discovered evidence was denied. Defendant appeals.

The cause was submitted for the appellant on the brief of *Dalberg & Becher*, and for the respondent on that of *Moe & Hansen*.

BARDEEN, J. We are asked to reverse this judgment on the following grounds: (1) Because the court erred in its rulings as to the admission of evidence; (2) because the

court erred in directing a verdict for plaintiff; (3) because
the court erred in refusing a new trial on the ground of
newly discovered evidence; (4) because the damages are
excessive.

We will consider these questions in the order stated:

1. In considering this assignment of error, we will emu-
late the brevity of appellant's counsel. They have given
us no reasons why they believe the court erred in rejecting
evidence, but have contented themselves by citing the page
of the case where the ruling was made and saying that it
was erroneous. The rulings referred to show that defendant
was attempting to surcharge the account in suit without
having laid any proper foundation therefor. The rulings
of the trial court were eminently proper. The letters that
were sought to be introduced are not printed in the case or
referred to in the brief. Counsel ought not to expect the
court to hunt through a bill of exceptions to ascertain the
basis of their complaints.

2. The one really substantial question in the case is
whether the court was justified in directing a verdict for
the plaintiff. The action was upon an account stated. The
defense was duress. This court has so recently and so ex-
haustively discussed the question of what constitutes duress
that it is unnecessary to do more than refer to the cases:
*Wolff v. Bluhm*, 95 Wis. 257; *Mack v. Prang*, 104 Wis. 1;
*Galusha v. Sherman*, 105 Wis. 263. The true rule, as stated
in the last case cited, is as follows: "Was the person so
acted upon by threats of the person claiming the benefit of
the contract, for the purposes of obtaining such contract, as
to be bereft of the quality of mind essential to the making
of a contract, and was the contract thereby obtained?"
What constitutes duress is a matter of law. Whether du-
ress existed in a particular transaction is a question of fact
for the jury. When it is perfectly evident from the testi-
mony adduced that there is no foundation for a claim of

duress, the court may so decide and take the case from the jury. In this case the court saw and heard the witnesses. He was bound to give the defendant the benefit of every reasonable inference in his favor. Having done so, his conclusion will not be overturned unless error is manifest. We have carefully read the defendant's testimony, and are fully satisfied that, had a verdict for defendant been rendered, it could not stand. It would have been the plain duty of the court to have set it aside as being unsupported by the evidence. The parties were several days in looking over their accounts. Mutual claims and allowances were made. The defendant testifies that plaintiff's agent told him that he had committed grand larceny, and that he was liable to imprisonment in the state of New York; that he wanted him to get down to a settlement and make it good, or he would have him sent to state's prison in New York for grand larceny; that he (defendant) became nervous, "and was sweating like the deuce," and then signed the document. The defendant was apparently a man of intelligence and business experience, thirty-six years of age. He had dealt with plaintiff nine or ten years,— had sold their machinery and engines in different parts of the country. To claim that he was imposed upon and put in such fear as to be unable to understand what he was doing looks a great deal like self-stultification. The surrounding circumstances completely negative his claim of duress. Without spending further time in the discussion of the facts, we are satisfied that, upon the defendant's own showing, the court was amply justified in the ruling made.

3. The alleged newly discovered evidence consisted in the production of a letter from plaintiff which referred to an item in the account, and which it is claimed tends to dispute its justice. We cannot say the court abused its discretion in denying the motion.

4. Plaintiff made claim for $1,333.74 and interest from

September 21, 1895, the date the account was stated. The court directed a verdict for $1,540.46. The bill of exceptions fails to show any computation of interest made by any witness. The trial took place April 29, 1898. The difference between the two amounts, as shown by a computation, is the interest on the principal amount to the date of trial. No question is raised that plaintiff is not entitled to such interest, and the fact that no formal computation was made and offered in evidence is of no consequence. The court might, as he probably did, have made the computation and included it in the verdict. Certainly the defendant was not in any manner prejudiced thereby.

*By the Court.*— The judgment appealed from is affirmed.