Anderson, Respondent, vs. Anderson and others, Appellants.

*September 8—September 27, 1904.*

*Husband and wife: Void agreement to separate: Equity: Compelling restoration of property conveyed: Pleading: Fraud: Duress: Conveyance by infant.*

1. Although an agreement between husband and wife to separate and live apart is void as against public policy, a court of equity will not, in the absence of fraud, decree a restoration of property or the cancellation of deeds delivered pursuant to such an agreement.

2. In an action to procure the restoration of property conveyed by a husband to his wife pursuant to an agreement between them to separate and live apart, the complaint, alleging ill treatment of plaintiff by his wife and that by reason of the consequent enfeeblement of his will and reason he was induced to make the conveyance sought to be set aside, but not showing that he was so feeble-minded as to be unable to comprehend his affairs or incompetent to transact his business, or that he did not fully understand the transaction and act with freedom in transferring the property, does not sufficiently allege fraud by way of duress.

3. Plaintiff cannot have relief, in such a case, upon the ground that he was induced to make the agreement and the transfer to his wife by reason of the conveyance to him of certain land by his minor son, which conveyance was fraudulently intended to be repudiated by the son when he should come of age, and was in fact so repudiated. Plaintiff is presumed to have known his son's age and that he could not make a binding conveyance of land.

APPEAL from an order of the circuit court for Price county: John K. Parish, Circuit Judge. *Reversed.*

The defendants demurred to the complaint upon the ground that it appears upon its face that it does not state facts sufficient to constitute a cause of action. This demurrer was overruled, and leave granted the defendants to make answer to the complaint within twenty days from notice of entry of the order overruling the demurrer, on the payment of costs

upon the usual terms. This is an appeal from the order over-ruling the demurrer.

The material facts of the complaint are that plaintiff and defendant *Caroline Anderson* intermarried July 26, 1879; that they were natives of and then resided in Sweden; that they have ever since been husband and wife; and that four children, now living, were born of the marriage, namely, August, Joseph, Jelmar, and Ellen, aged respectively, twenty-four, twenty-two, sixteen, and eleven years. It is stated that plaintiff and defendant *Caroline Anderson* and their family emigrated to the United States in 1878, and that two years thereafter they settled in this state on the land described in the pleading, situated in the town of Brannan, Price county; that they continued to live together as husband and wife, re-siding on this land, up to the 25th day of October, 1900; that the efforts of the parties throughout this period were devoted to the clearing up and improvement of the farm and the main-tenance of the family; that on October 25, 1900, this land was worth about $3,000, and that plaintiff's personal prop-erty was worth about $500. It is charged that in the year 1894 the defendant *Caroline Anderson* commenced a course of cruel and inhuman treatment of the plaintiff, with intent to drive him from his home and to cause him to part with his property by conveyance to her; that the cruelty complained of consisted of an aggravated course of fault-finding of the plaintiff's conduct and the management of his affairs; that she treated him in a derisive and contemptuous manner, and held him up as an object of ridicule to their children, and thereby sought to alienate their respect and affection and to induce them to disregard his parental authority. It is alleged that the conduct of the wife and children rendered his home such a place of misery and discomfort as to make it unbear-able, in spite of his best efforts to maintain a peaceable house-hold and to discharge his duty to his family. It is further

alleged that as the result of the treatment, by his wife and his sons, *August* and *Joseph,* he became distressed in mind,

"and by reason of the enfeeblement of his will and reason in the premises, he was induced, on or about the 25th day of October, 1900, to convey to the defendant *Caroline* all of the said premises, excepting only one forty-acre tract, still wild and uncultivated, . . . to which the defendant *Caroline* quitclaimed to plaintiff her interest, and also executed to defendant *Caroline* a bill of sale of all the said personal property and their household furniture, excepting only one heifer . . . and one sheep. That in addition thereto there was to be given to the plaintiff by the defendant *Caroline* hay to the amount of $200, in annual instalments of two tons, and also a colt when the same was four months old."

The complaint states that the only consideration for the transfer was that they should separate as husband and wife, and thereafter live apart; that plaintiff was thereafter practically driven from his home, and forced to leave the premises in the possession of the defendants, who have ever since held them. It is alleged that the son *Joseph,* who was a minor at the time of this transfer in October, 1900, owned an eighty-acre tract of land lying near the homestead premises, which he offered to and did convey to the plaintiff as an inducement for the transfer of his property, but that the son, on arriving at his majority, repudiated the conveyance and secured a reconveyance thereof in a suit against the plaintiff. Plaintiff claims that this conveyance by his son and the subsequent repudiation were part of a fraudulent scheme to induce him to make the transfer of his property to his wife, and that the defendant *Caroline Anderson,* in August, 1903, fraudulently conveyed all of the lands to which she had acquired title to the son *Joseph,* with intent to defraud the plaintiff, which fraud was well known and understood by the said son.

The allegations concerning the purchase of a mortgage against the premises, after such separation, by defendants,

and the proceedings for a divorce by the wife, have no bearing on the questions involved on this appeal, and need not therefore be stated as part of the case.

*G. E. Schwindt,* for the appellants.

For the respondent the cause was submitted on the brief of *Barry & Barry.* To the point that the facts alleged show duress to the extent that the will of the plaintiff was not properly and freely exercised in what was done when he deeded himself out of house and home, they cited *Galusha v. Sherman,* 105 Wis. 263; *In re Streiff,* 119 Wis. 566, 97 N. W. 189; *Batavian Bank v. North,* 114 Wis. 637; *Schramek v. Shepeck,* 120 Wis. 643, 98 N. W. 213; *Ziegler v. Bark,* 121 Wis. 533, 99 N. W. 224.

SIEBECKER, J. The ruling of the trial court holding that the complaint states facts sufficient to constitute a cause of action is challenged upon this appeal. Plaintiff seeks to support the ruling upon several grounds. He urges that the complaint charges sufficient to show that the transactions alleged in the complaint, resulting in the conveyance of the farm and the transfer of the personal property by him to his wife, amounted to a mutual agreement to separate as husband and wife and live apart, and that, since this was the only consideration for the conveyance and transfer of his property, they are void as against public policy, and the court should therefore cancel and annul them and restore the possession of this property to him. There is no disagreement between the parties but that this was the purpose of the transaction, and that it resulted in a separation of the husband and wife. It appears that she took possession of the farm and personal property under the transfers, keeping with her the minor children, who were apparently left to be provided and cared for by her under this arrangement. Counsel for both parties concede that such an agreement has been held void as against public policy, under the authority of *Baum v. Baum,* 109 Wis. 47, 85 N. W. 122.

The grounds for such holding were therein elaborated and given at length, which obviates the necessity for a discussion of the subject at this time.

Treating the agreement to separate and live apart as void upon this ground, does the plaintiff show a situation from which he can seek relief in equity, unless it appears that he was induced to make the transfer through some fraud practiced upon him? We think not, under the well-established rule that courts will neither enforce nor set aside contracts which are illegal, unless procured by fraud, upon the ground that the party seeking relief has been guilty of conduct violative of equity and good conscience. When such contracts have been voluntarily performed, a court of equity will not decree a recovery back of the property delivered under it, nor a cancellation of the deeds of transfer.

It is urged that considerations of public interest for the maintenance of the marriage status take this case out of the usual rule, which refuses such equitable aid upon the application of either party. This consideration, unaccompanied by any inequitable incidents, has been deemed insufficient to cause courts to deviate from this policy. Nothing is suggested which calls for the exercise of the extraordinary powers of a court of equity to set aside such an executed agreement. *Miller v. Larson,* 19 Wis. 463; *Moore v. Kendall,* 2 Pin. 99; *Cohn v. Heimbauch,* 86 Wis. 176, 56 N. W. 638; *Ainsworth v. Williams,* 111 Wis. 17, 86 N. W. 551; *Daniels v. Benedict,* 97 Fed. 367; *Tallinger v. Mandeville,* 113 N. Y. 427.

It is insisted by respondent that this agreement should be canceled and his property restored to him by decree, because it was procured by fraud and under the oppressive conduct of appellants, which renders it unjust and unfair to him to permit them to reap the benefit of the transaction. It is sought to sustain the complaint in this respect upon the ground that it alleges facts sufficient to constitute duress.

That the pleader attempted to make a full statement of the

whole transaction is evidenced by his weaving into the allegations of his complaint much evidentiary matter tending to show that plaintiff was illtreated by his wife and their children. Coupled with this charge is an allegation that this conduct toward him enfeebled his mind and will, and therefore such treatment coerced him into making the agreement in question. An analysis of the complaint demonstrates that it charges defendants with such conduct that he had cause for complaint against them for disturbing his family affairs and peace of mind. There is, however, no charge that he was so feeble-minded as to make him unable to comprehend his affairs and incompetent to transact his business, nor does it appear but that he fully understood the transaction complained of, and acted with the utmost freedom in transferring his property to his wife. We cannot perceive in what respect it can be asserted under the pleadings that the contract was obtained through such fear or threats regarding his personal safety or liberty or that of his property as to deprive him of the free exercise of his will and prevent a meeting of the minds of the parties upon its terms and conditions. We find no allegations sufficient to constitute fraud by way of duress in the procuring and making of the transfers of the property.

Some stress is laid on the allegation that the son *Joseph* fraudulently agreed to, and did, convey an eighty-acre tract of land to plaintiff as part of the transaction, to induce plaintiff to transfer this property to his wife, with intent to repudiate such conveyance when he became of age. There is no basis for the claim that plaintiff was deceived by this son's conduct, for he knew that the son was a minor and therefore legally incapable of making a binding conveyance of this real estate. In this situation he cannot assert reliance on the son's representations and that he was thereby fraudulently induced to make the contract with his wife. The law presumes that he knew his son's age and that he could not make any such conveyance.

The complaint fails to show any duress, and, so far as the

facts are covered by the allegations, it appears that the contract was advisedly made by the parties, without fraud or undue influence. The demurrer to the complaint should have been sustained. *City Nat. Bank v. Kusworm,* 91 Wis. 166, 64 N. W. 843; *Wolff v. Bluhm,* 95 Wis. 257, 70 N. W. 73; *Mack v. Prang,* 104 Wis. 1, 79 N. W. 770; *Galusha v. Sherman,* 105 Wis. 263, 81 N. W. 495; *Rochester M. T. Works v. Weiss,* 108 Wis. 545, 84 N. W. 866; *Batavian Bank v. North,* 114 Wis. 637, 90 N. W. 1016.

*By the Court.*—The order of the circuit court overruling the demurrer is reversed, and the cause is remanded with directions that the demurrer be sustained, and for further proceedings according to law.