FRED RUEPING LEATHER COMPANY, Respondent, vs. WATKE, Appellant.

*April 20—May 8, 1908.*

*Duress: Bills and notes: Consideration: Stolen property: Avoiding prosecution.*

1. Duress exists where one, by the unlawful act of another, is induced to make a contract or perform some act under circumstances which deprive him of the exercise of free will.
2. Where defendant's partner purchased from a thief hides belonging to plaintiff, and defendant, after deliberation and consultation with his attorney, executed certain notes in settlement of plaintiff's claim for the value of the hides, *held*, that the notes were not executed under duress.
3. Notes given in settlement of the payee's claim for stolen hides purchased by the maker's partner from the thief were founded on adequate consideration.
4. A defense to an action on notes, that they were void because given to prevent criminal prosecution of the maker, was not established where it was neither alleged nor proved that, at the time the notes were executed, any criminal prosecution was pending against him or that he was in fact guilty of any crime.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

This action was commenced by the plaintiff against the defendant to recover upon nine promissory notes of $100 each executed by the defendant, ten notes having been originally executed and one paid before the commencement of this action. The answer sets up as defensive matter want of consideration, and further alleges that the notes were void because defendant was threatened with criminal prosecution for having received stolen property unless he would pay a large amount of money, and that he, through fear of said threats and in consideration of not being prosecuted, executed said notes. The answer also contains a counterclaim asking for cancellation of the notes and recovery of the amount paid on one of the notes before action brought. The

plaintiff replied denying the allegations of the counterclaim. On the trial the court directed a verdict for the plaintiff, and defendant appealed from the judgment entered upon the verdict.

For the appellant the cause was submitted on the brief of *Morse & Williams.*

For the respondent there was a brief by *Maurice Mc-Kenna,* attorney (*Doyle & Hardgrove,* of counsel), and oral argument by *Mr. McKenna.*

KERWIN, J.   The contention on the part of the appellant is that there was sufficient evidence to go to the jury on the issues raised, therefore the court erred in directing a verdict for plaintiff.   It appears from the established facts that several months before the execution of the notes certain hides were stolen from plaintiff and that some were sold by the thief to the business partner of defendant and paid for by defendant; that thereafter the thief was prosecuted and convicted of the offense, and plaintiff demanded payment of defendant for the property received by his firm; that negotiations were had with reference to a settlement, covering a long period of time, which finally resulted in the execution by defendant and delivery to plaintiff of the ten notes in question of $100 each, and that some time after the first note became due and before the commencement of this action it was paid by defendant.   The principal contention of defendant is that the notes were executed under duress. After a careful examination of the testimony we find nothing in it sufficient to support a verdict in favor of defendant upon that proposition.   On the contrary, the evidence establishes beyond question that the defendant executed the notes freely and voluntarily, after he had taken ample time to consider the matter and advise with his counsel, and concluded to give the notes in settlement of the amount which was finally agreed upon as the consideration for the hides

which came into the possession of his business partner. It appears that the amount of the stolen property which came into the possession of defendant's firm could not be definitely ascertained, plaintiff claiming $2,500 as its value and finally agreeing to accept $1,000, in payment of which sum the ten notes were given. At the time the notes were executed and delivered no restraint whatever was exercised over the defendant, but on the contrary, after consulting with his counsel and being advised to make the notes, he went to the office of plaintiff's counsel and freely and voluntarily executed the notes in suit. The doctrine as to what constitutes duress has been so often considered and discussed by this court that we deem it necessary only to refer to a few of the authorities on the subject. *City Nat. Bank v. Kusworm,* 91 Wis. 166, 64 N. W. 843; *Batavian Bank v. North,* 114 Wis. 637, 90 N. W. 1016; *Rochester M. T. Works v. Weiss,* 108 Wis. 545, 84 N. W. 866; *Wolff v. Bluhm,* 95 Wis. 257, 70 N. W. 73; *Mack v. Prang,* 104 Wis. 1, 79 N. W. 770; *Galusha v. Sherman,* 105 Wis. 263, 81 N. W. 495. This court said in *City Nat. Bank v. Kusworm, supra:* "Duress exists where one, by the unlawful act of another, is induced to make a contract or perform some act under circumstances which deprive him of the exercise of free will." We think the undisputed evidence not only fails to show duress, but establishes that there was no duress.

On the question of want of consideration we think it equally clear that this defense was not established, but on the contrary that it was established without substantial dispute that the notes were given in payment of the stolen hides received by the defendant's firm. In fact it was not disputed but that the settlement was made and the notes given to pay for such property.

Respecting the claim in appellant's brief that the notes were given to avoid prosecution, hence illegal and void, we think it sufficient to say that neither the allegations of the

answer nor the proof supports such defense. There is in fact no testimony rising to the dignity of proof of an agreement not to prosecute defendant for any offense. There is neither allegation nor proof that, at the time the notes were given, any criminal prosecution was pending against the defendant or that he was in fact guilty of any criminal offense. Such allegation and proof would be necessary in order to support this defense. *Catlin v. Henton,* 9 Wis. 476; *Schultz v. Catlin,* 78 Wis. 611, 47 N. W. 946; *City Nat. Bank v. Kusworn,* 88 Wis. 188, 59 N. W. 564; *Johnston H. Co. v. McLean,* 57 Wis. 258, 15 N. W. 177; sec. 4501, Stats. (1898). The court below found that there was not sufficient evidence to go to the jury upon any of the issues raised by the defendant's answer, and we are inclined to the opinion that the court was right, therefore cannot disturb the ruling. It follows that the judgment below must be affirmed.

*By the Court.*—The judgment of the court below is affirmed.