## Corn Belt Lumber Company, Successors to E. R. Darlington Lumber Company, Appellant, v. Effie May Doty, Appellee.

1. APPEAL AND ERROR, § 1410*—*when verdict may be set aside.* A verdict of a jury should not be set aside by an Appellate tribunal unless it is manifestly contrary to the weight of evidence, or where other reversible error is found in the record.

2. CONTRACTS, § 102*—*what constitutes duress.* Actual or threatened use or misuse of criminal process, legal or illegal, sufficient to overpower and overcome the will of the party threatened constitutes duress.

3. CONTRACTS, § 103*—*when signature of wife to note of husband is procured by duress.* The signature of a wife as surety on a note of her husband was obtained by duress where, at the time of the signature, she was deprived of her free will and forced to sign it by fear of her husband's arrest and punishment for perjury, which fear was induced by the threats of an agent of the payee.

Appeal from the County Court of McLean county; the Hon. JAMES C. RILEY, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed October 22, 1918.

STERLING, LIVINGSTON & WHITMORE, for appellant.

JESSE E. HOFFMAN, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

This suit is on a promissory note signed by appellee as surety for her husband. The defense is that her signature to the note was obtained by duress. This case has been twice tried by a jury and in each instance the jury found the issues for the defendant. A verdict of a jury should not be set aside by an Appellate tribunal unless it is manifestly contrary to the weight of the evidence, or where other reversible error

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

is found in the record. Both juries to which this cause has been submitted have found that the signature of appellee to this note was obtained by duress. A careful consideration of all the evidence offered at the last trial fails to disclose anything to warrant us in holding that the verdict is not supported by the evidence. On the contrary, the evidence amply supports the verdict and strongly tends to show that at the time the note sued on was signed by appellee there was due from her husband to the E. R. Darlington Lumber Company, a corporation, the sum of $139 only; that the note in question was for $343, more than twice the amount due from the husband to the lumber company, and that when appellee signed the same she was deprived of her free will and forced to sign it by fear of her husband's arrest and punishment for perjury, which fear was induced by the threats of the agent of the lumber company.

Under the modern rule of law, actual or threatened use or misuse of criminal process, legal or illegal, sufficient to overpower and overcome the will of the party threatened constitutes duress *(Wilbur v. Blanchard,* 22 Idaho 517, 126 Pac. 1069); and while in *Mack v. Prang,* 104 Wis. 1, 79 N. W. 770, it was held that in order to constitute duress the threat must be of such a nature and made under such circumstances as to constitute a reasonably adequate cause to control the will of the threatened person, and must have that effect, and the act to be avoided must be performed by such person while in such condition, it was also held that duress which consists of threats of imprisonment of a husband or a child is a species of fraud, which renders the contract made under its influence voidable although not absolutely void, and that proof that a note and mortgage given by a wife upon her individual property were executed under threats of criminal prosecution of her husband for embezzlement, and that she was greatly excited and alarmed by these

threats and had fainting spells before and after she executed the mortgage, and only consented to execute it to prevent her husband being sent to jail, was sufficient evidence of duress to invalidate the note and mortgage as between the wife and mortgagee.

In *Thompson v. Hicks,* 100 S. W. (Tex.) 357, it was held that obtaining a note through the payee's threat to prosecute the maker for a criminal offense, though the maker be guilty, constitutes duress.

In *Adams v. Irvin Nat. Bank,* 116 N. Y. 606, it is announced to be now the settled rule that a husband or wife may avoid a contract induced or obtained by threats of imprisonment of the other, and that it is of no consequence whether the threat is of a lawful or unlawful imprisonment. To the same effect is *Bush v. Brown,* 49 Ind. 573; *Galusha v. Sherman,* 105 Wis. 263; *City Nat. Bank of Dayton v. Kusworm,* 88 Wis. 188; *McCormick Harvesting-Mach. Co. v. Hamilton,* 73 Wis. 486.

From all the authorities we deduce the rule that whenever, by threats of prosecution or imprisonment of a husband or wife, the other is induced to pay money or enter into a contract to pay money or to do anything, when such payment or contract would not have been made or thing done but for the threats and the fear that they would be carried into execution, then courts will interfere to relieve the person who has so been induced to act from the consequences of such acts, on the theory that the thing done has not been voluntarily done, that on the part of the one acting there has been no mental assent given. The pressure thus exerted partakes to be sure somewhat of the element of undue influence, but it retains enough of the element of force and coercion so that when the party is induced by it to do a thing or make a contract which but for such means so employed he would not have so acted, it is construed to be duress and treated accordingly.

On the theory that the verdict of the jury is right on the facts, the judgment of the County Court is correct.

Fault is found with the rulings of the court in giving and refusing instructions and on the admission and exclusion of the evidence, but what has been said disposes of all such questions. Judgment affirmed.

*Affirmed.*