BERGEVIN, by guardian, Respondent, vs. BERGEVIN, imp., Appellant.

*January 7—February 4, 1919.*

*Contracts: Validity: Public policy: Agreement for a divorce: Division of property: Executory parts not enforceable: Foreclosure of mortgage.*

An agreement between husband and wife, pending an action by the wife for a divorce, pursuant to which he conveyed his real and personal property to her and she paid him a certain sum in money and executed for his benefit two notes secured by mortgage on said real property, the sole consideration being that he would not make any contest in the divorce action and that upon such division of the property they would abandon marital relations, was void as against public policy, and as to executory parts thereof the courts will not grant relief. The husband, therefore, is not entitled to enforce the notes and mortgage given by the wife. ROSENBERRY and SIEBECKER, JJ., dissent.

APPEAL from a judgment of the circuit court for Chippewa county: JAMES WICKHAM, Circuit Judge. *Reversed.*

On October 10, 1911, the defendant *Annie Bergevin* commenced in the same circuit court an action for divorce against her then and now husband, the plaintiff herein, *Nels Bergevin.* In the complaint she charged her husband

with cruel and inhuman conduct and excessive drinking. The usual application was made and notice thereof properly given for alimony and suit money, but such motion was never heard by the court and no further proceedings were had in the divorce action. Title to the farm upon which the parties had lived was then in the husband and he also owned some personal property. She had no separate property.

After the husband was in default in serving an answer and on November 14, 1911, an agreement was made between the parties after conferences with their respective attorneys. Under such agreement or understanding (it being uncertain from the testimony whether such agreement was reduced to writing) the husband deeded the farm to the wife subject to then existing mortgages and gave her a bill of sale for the personal property. She paid him $200 in cash and executed two notes for $400 each, secured by a mortgage on the property so conveyed, which mortgage he also signed; the notes being payable to the husband's then attorney, also named as mortgagee. That attorney subsequently assigned the notes and mortgage to the husband. Immediately upon the completion of the transaction the husband left that vicinity, going to Canada, Chicago, and elsewhere, and never afterward living with her or doing anything toward her support or that of the five children who remained with her living on the farm. He was subsequently adjudged insane, a guardian appointed for him, and this action commenced to foreclose the mortgage upon default in the payment of principal and interest on the two notes aforesaid.

It was alleged by way of defense that the notes and mortgage were executed and delivered pursuant to agreement and with the understanding that the parties thereto were thereafter to live separate and apart, and with the further provision that a decree of divorce should be obtained dissolving their marriage ties.

There was no substantial dispute about this transaction. It appeared that the parties had had former troubles and one or both had previously consulted an attorney concerning them.

On the trial herein the husband testified that owing to the trouble that he and his wife had, he made up his mind he would not stay any longer. She was going to give him a divorce and he was going to give her the farm and she was going to allow him $1,000; that he never intended to live with her after that; that he expected to get a divorce and his attorney agreed to get it.

The wife testified that she and he simply agreed to live apart. He was to give her a divorce; that was the only consideration for the mortgage and notes.

The then attorney for the wife testified that all the property interests were to be finally settled between them by this agreement; that it was to be final when the divorce was granted; that after the husband left there seemed to have been a report that he was dead and no further proceedings in the divorce action were taken, and that later on it was ascertained that the husband had become insane; that his understanding of the agreement was that the husband was not going to fight the divorce action, although it was not so said in so many words.

The husband's attorney testified that his remembrance was that there was no agreement about the getting of the divorce; that the mortgage was made to him because the parties were husband and wife and the husband's signature was necessary on the real-estate mortgage; that the husband expected that the wife would get a divorce, but that he did not intend to appear or defend the action; that there was not any express agreement that she would prosecute a divorce action; that they were separated and had separated and that the husband was going away for good; that the husband said he was going away, and if he could get that much he agreed he would go away and be satisfied with a divi-

sion of the property and did not seem interested in the divorce.

Findings of fact were made by the trial court reciting, among other things, as follows:

"That it was then expected by the parties that said divorce action would be prosecuted to final judgment; that it was the intention of the parties that said deed, bill of sale, notes, and mortgage should all be delivered and take effect at once without reference to whether or not such divorce should be thereafter granted, and no promise to obtain a divorce or for the separation of the parties constituted any part of the consideration in said notes and mortgage."

And as conclusions of law upon the facts found "that the plaintiff is entitled to judgment as demanded in the plaintiff's complaint."

From a judgment of foreclosure for the amount of the notes and interest and costs in favor of the plaintiff husband, the defendant wife has appealed.

The cause was submitted for the appellant on the brief of *Sturdevant & Farr* of Eau Claire, and for the respondent on that of *Dayton E. Cook* of Chippewa Falls.

ESCHWEILER, J.  Upon this appeal, there being no substantial contradiction in the testimony of the various witnesses as to the substance of the agreement between the husband and wife at the time of the execution of the notes and mortgage in suit here, there is presented no issue of fact for review, but only the question as to whether or not, upon the undisputed facts, the court below arrived at the proper conclusion. *McMillen v. Strange*, 159 Wis. 271, 279, 150 N. W. 434.

We are satisfied from a consideration of this evidence that these parties, then husband and wife, made the disclosed disposition of the property and obligations upon the sole consideration that the husband would not make any contest in the divorce action, if it was to be further prosecuted, and that upon such division of property they would abandon the marital relations that had theretofore existed.

The conveyances were made and obligations executed, and thereupon and therewith the husband did leave his family and continued thereafter to live away from wife and children and make no further provision for their support and care.

It was an agreement, for a consideration of money and property, to dissolve a relationship that the public policy of this state deems it for the best interests of the state as well as of the parties themselves shall continue to subsist unless and until it be lawfully dissolved in the manner prescribed by law and under proper judicial scrutiny and direction.

When, as here, an executory part of such a contract is sought to be enforced, this court has always denied relief. *Baum v. Baum,* 109 Wis. 47, 85 N. W. 122; *Anderson v. Anderson,* 122 Wis. 480, 100 N. W. 829; *Kistler v. Kistler,* 141 Wis. 491, 124 N. W. 1028. That the same public policy is pursued in other jurisdictions is seen in the case of *Wolkovisky v. Rapaport,* 216 Mass. 48, 102 N. E. 910; Ann. Cas. 1915A, 809 and cases cited.

The parties to a divorce action may during its pendency and under sec. 2360, Stats., stipulate for a division of their property or estate, for alimony, or for the support of children in case a divorce be granted or a marriage annulled. But by the same statute such a stipulation must be subject to the approval of the court. Such submission to and approval by the court and the incorporating it within the provisions of the decree of divorce are essential to give such agreements as here made validity and efficacy. That was not done here, and, failing that, the mere agreement of the parties will not be enforced. *Martin v. Martin,* 167 Wis. 255, 264, 167 N. W. 304, 307.

The notes and mortgage, therefore, upon which this action is brought, being parts of a transaction contrary to public policy, ought not to be and cannot be so recognized or approved that the plaintiff may have them enforced by the courts.

*By the Court.*—Judgment reversed, and the cause remanded with directions to dismiss the complaint upon the merits.

ROSENBERRY, J. *(dissenting).* I am of the opinion that the finding of the trial court to the effect that the notes and mortgage in question were delivered to take effect at once, without reference to whether or not a divorce should thereafter be granted, is in accord with the clear preponderance and great weight of the evidence and not against it. All parties supposed that a divorce would thereafter be granted, not because it was a matter of contract, but because upon the undisputed facts the wife was entitled to a divorce, and I am of the opinion that the trial court was right in holding that no promise to obtain a divorce was any part of the consideration given for the notes and mortgages. Upon the facts as found by the trial court, the plaintiff here was entitled to the judgment which was given him, which in my opinion should be affirmed.

I am authorized to say that Mr. Justice SIEBECKER concurs in this dissenting opinion.