UNITED STATES RUBBER COMPANY *v.* MOON ET AL.

[No. 14,054.   Filed December 17, 1931.]

*Saul I. Rabb,* for appellant.
*Harry E. Yockey,* for appellees.

LOCKYEAR, J.—This was an action by the appellant against appellees Ray Moon and Dorothy A. Moon on a certain promissory note in the sum of $1,321.02, dated at Indianapolis, Indiana, October 28, 1926, and signed by the appellees Ray Moon and Dorothy A. Moon, payable to the order of the United States Rubber Company. Appellee Dorothy A. Moon filed an answer in general denial and one of suretyship. Appellee Ray Moon filed answer in three paragraphs, the first of which was a general denial, the second a plea of payment, and the third alleged duress in the execution of the notes and reads as follows: "Comes now the defendant Ray Moon, and for further and third paragraph of answer alleges and says: That the defendant admits he signed the note sued on, but says that the plaintiff, by its attorney, Willis Bacon, to induce defendant to execute the same, charged the defendant with having committed the crime of using the United States mails to defraud the plaintiff, and threatened to have him arrested and imprisoned on said charge and prosecuted therefor if he did not execute said note; that the defendant, to free himself and to avoid arrest, and without consideration therefor, and against his will, signed and delivered said note; that defendant was wholly innocent of said charge and the same was made without any foundation."

There was a reply in general denial to the second and third paragraphs of answer. The cause was submitted to the court for trial without the intervention of a jury, resulting in a finding for appellees and judgment was rendered accordingly.

Appellant filed a motion for a new trial on the grounds that the decision of the court is not sustained by sufficient evidence and is contrary to law. The only assignment of error is the overruling of the appellant's motion for a new trial.

As this case comes to us on practically only one question as to whether there is any competent evidence before the trial court sufficient to sustain the decision of the court, it becomes necessary for us to consider the evidence most favorable to the appellees.

The undisputed evidence in this case shows: That the Ray Moon Tire Company was a corporation doing business in the city of Terre Haute, Indiana, and that Ray Moon, appellee, was the largest stockholder of said corporation, and was the manager of said company and attended to practically all of its business; that said Ray Moon Tire Company was indebted to the appellant, United States Rubber Company, in the sum of $1,321.02, and said note was made in settlement of said indebtedness; that one Willis Bacon, attorney for appellant, had the matter in hand to procure the payment of said amount or secure a note from appellee therefor; that a number of letters passed back and forth from said Bacon at Akron, Ohio, to the appellee Ray Moon at Terre Haute, Indiana; that a meeting was held at Marion, Indiana, between Ray Moon and said Bacon, and thereafter Moon procured his wife to sign the note with him, and it was mailed to appellant at Akron, Ohio; that appellee Ray Moon made five payments upon the note, the last of the payments was on January 24, 1929; that the note was executed October 28, 1926; that ap-

pellee Ray Moon wrote five letters, the last of which was dated November 1, 1928, in none of which did he question the validity of the note, and at no time did he complain that there was no consideration for the same.

Since it is contended by appellee Ray Moon that the note in question was given under duress, it will be necessary for us to examine his testimony in that behalf. His testimony is, in substance, as follows: "I had a conversation with Bacon after the note was executed, in the month of July 1928. Bacon called at my office and stated that he had to have a payment on the note, or he was going to crack his whip, and finally he insisted that he had to have something or he was going to throw the matter into Federal Court and have it up before the grand jury. He said that I need not think that I was going to drag the note until the three year period in which he could bring suit against me had passed. That he would have me up in Federal Court for using the mails to defraud, and that I must dig up the money. He said he would not stop for $50, and that he would go ahead and prosecute, said he would take and throw the matter into Federal Court and take me before the grand jury. He said I would be arrested and sent to the penitentiary. He said that to me before the note was signed, both at Terre Haute and at Marion, Indiana. He charged me in July 1928 with using the mails to defraud during September 1925; I have never used the mails to defraud and am not guilty of that. Daisy Moon, my wife, signed the note as surety for me. The only consideration for that note was that this company would not be thrown into bankruptcy and there would be no prosecution of me. I did not owe the United States Rubber Company; the Ray Moon Tire Company, a corporation, did. I virtually forced my wife to sign it. I have sent four or five payments to the United States Rubber Company under threat. Mr. Bacon was

not present when I signed the note, he sent the note later when my wife and I signed it and sent it to him. I did not have an attorney. Mr. Paul Schaeffer is a lawyer. He never represented me as a lawyer at any time. He was a member of the Ray Moon Tire Company and was present at Terre Haute at the time Mr. Bacon and I drove from Marion to Terre Haute, and he was present when Mr. Bacon came down and demanded settlement of the unpaid balance. After they came here and discussed the matter of the unpaid balance of the corporation, I had to sign the notes in order to stop prosecution and arrest for sending a purported false statement through the mails and to keep the matter from being thrown into the Federal Court before the grand jury, where there would be a prosecution of me for sending a false statement through the mails."

Duress has been defined to be an actual or threatened violence or restraint of a man's person, contrary to law, to compel him to enter into a contract or discharge one. *Noble* v. *Enos* (1862), 19 Ind. 72, at p. 78; Bouvier, Law Dictionary. Blackstone says there may be two kinds of duress; that which is consequent upon a loss of liberty by imprisonment, or that which operates upon the mind so as to cause fear of loss of life or limb or fear of mayhem. 1 Blackstone Commentaries 131-6.

Four instances are enumerated by Lord Coke in which a man may avoid his acts: (1) When brought about by fear of loss of life; (2) of member; (3) of mayhem; (4) of imprisonment. Every threat or fear of imprisonment does not constitute duress.

It is not the threat of criminal prosecution in any case that constitutes duress, but the condition of mind produced thereby. The threat must be of such nature and made under such circumstances as to constitute a reasonable and adequate cause to

control the will of the threatened person, and must have that effect, and the act sought to be avoided must be performed by said person while in such condition. *Wolff* v. *Bluhm* (1897), 95 Wis. 257, 70 N. W. 73, 60 Am. St. 115.

Where a man of mature years signs a document because an agent of the party with whom he previously had dealt told him that he was liable to imprisonment for grand larceny, and that, if he did not make the settlement, he would have him sent to state prison, such threats did not constitute duress. *Rochester Machine Tool Works* v. *Weiss* (1901), 108 Wis. 545, 84 N. W. 866.

Where an officer, not authorized to issue a warrant, notifies a person that he will have the person arrested on a warrant and prosecuted unless he pays a certain tax, and such person, because of such threat, pays the tax, the payment is not made under duress. *Williams* v. *Stewart* (1902), 115 Ga. 864, 42 S. E. 256.

A complaint alleging that the defendant had extorted money from plaintiff by false representation that he had employed the county attorney to bring a civil action and criminal suit against him for taking certain property, and threatened that, if the plaintiff did not pay a certain sum, he would send plaintiff to state's prison for larceny, does not show payment under duress. *Darling* v. *Hines* (1892), 5 Ind. App. 319, 32 N. E. 109.

Where the maker of a note testified that he signed it because of a threat; that the payee threatened to prosecute the maker for obtaining property under false pretenses, and threatened to make it cost him his farm, and that he did not know whether he had done anything criminal or not; and it appeared that he was a man of intelligence and was surrounded by his family, some of whom counseled him against signing the note, it was not given under duress. *James & Haverstock* v. *Dalbey* (1899), 107 Iowa 463, 78 N. W. 51.

In the case of *Thompson* v. *Doty* (1880), 72 Ind. 336, citing *Town of Edinburg* v. *Hackney* (1876), 54 Ind. 83, Elliott, J., speaking for the court, says: There is "no room for further discussion upon the question that money voluntarily paid to an officer can not be recovered back, even though paid under fear of a threatened prosecution." To the same effect see *Hines* v. *Board, etc.* (1884), 93 Ind. 266.

In the case of *Darling* v. *Hines, supra,* the facts are very similar to the case at bar, where, on page 325, the court, citing *Peckham* v. *Hendren* (1881), 76 Ind. 47, and quoting *Town Council of Cahaba* v. *Burnett* (1859), 34 Ala. 400, says: ' "No man can be heard to say that he had the right and the law with him, but he feared his adversary would carry him into court, and that being thereby deprived of his free will, he yielded to the wrong, and the court must assist him." ' The court further says: "A person who is conscious of being in the right should not decide his case against himself by tamely yielding to the demands of another who is in the wrong and then ask the court to protect him. Especially is this true when such person is under no physical restraint, when no violence is used or threatened against his person, but who stands upon an equal footing with his adversary, with the means of ascertaining the truth easily within his grasp."

The evidence in this case, when viewed in the most favorable light in favor of the appellees, shows that they executed a note payable to the appellant for a just debt of a corporation in which the appellee was vitally interested. This constituted a valid consideration.

At the time of the execution and the delivery of the note, Ray Moon was not physically threatened by the appellant or any of its agents or attorneys, and, according

to the legal definition of duress, they were as far from physically threatening him as Terre Haute, Indiana, is from Akron, Ohio, a distance of many miles, over which correspondence frequently passed concerning this indebtedness, both before and after the execution of the note. The payments made on the note, of which there were five, could indicate nothing but ratification on the part of Ray Moon. The wife does not testify concerning her suretyship thereon. Correspondence after the execution of the note was in the most friendly vein, and the appellee, in one letter, asks the lawyer, Bacon, to secure him some tickets to an Army and Navy football game and now says that he was the man who coerced him into signing this note.

If all of the facts testified to by appellee Moon had been set out fully in his third paragraph of answer, it would have been demurrable. For the reasons above stated, the judgment is reversed.