MAHRINGER, Appellant, v. KNOELLER, Respondent.*

*November 30, 1959—January 5, 1960.*

For the appellant there were briefs and oral argument by *L. A. Willenson* of Milwaukee.

For the respondent there was a brief by *Herman M. Knoeller* and *Ray T. McCann,* both of Milwaukee, and oral argument by *Mr. McCann.*

PER CURIAM. The action is one to recover money which plaintiff alleges is wrongfully withheld by his attorney, the defendant. On defendant's motion the trial court granted summary judgment dismissing the amended complaint.

Plaintiff's wife brought action for divorce against him and plaintiff retained defendant, who is an attorney, to represent him in that action. The proceedings were lengthy

* Motion for rehearing denied, with $25 costs, on March 8, 1960.

and the property to be divided was substantial. In a partial distribution of property the trial court in the divorce action ordered a savings bank account of $5,992.45 to be paid to plaintiff *or* his attorney, the defendant. The collection was made by the attorney and deposited in a trust account. Thereafter the attorney and client met in the attorney's office to settle up their affairs. Exactly what took place is in dispute but it is undisputed that the attorney retained $3,000 for fees and $24.95 for disbursements, leaving $2,967.50 for the client. The attorney tendered his check in that amount and both parties signed a letter prepared by the attorney. It reads:

"Mr. Frank E. Mahringer
"3550-A North Green Bay Avenue
"Milwaukee, Wisconsin

"In re: *Magdalene Mahringer v. Frank E. Mahringer*.
"Dear Frank:
   "Inclosed find my check for $2967.50 representing the net proceeds of check received from the clerk of Milwaukee circuit court in the sum of $5,992.45 in the above divorce action, less the agreed sum of $3,024.95, the balance due for legal services and disbursements. This closes your account which is paid in full and constitutes a full compromise and complete settlement between us. Kindly signify your approval by signing the acceptance clause below.

                              "Yours very truly,
                              "/s/ Herman M. Knoeller

"HMK:ES
"Accepted this 19th day of June, 1957.
   "/s/Frank E. Mahringer"

   The check bore the indorsement "In full of account."

   When plaintiff left defendant's office he took the check with him but both parties overlooked the fact that Knoeller's check had not been signed. Forty-five days later, on

August 7, 1957, plaintiff presented the check to defendant and asked that it be signed. Knoeller did so and Mahringer cashed the check.

Mahringer has concluded that he was overcharged and he has brought the present action to compel Knoeller to disgorge the amount which his attorney Knoeller retained, except for $350 which Mahringer deems reasonable pay for the services of his attorney.

Defendant's answer pleaded the above accord and satisfaction and moved for summary judgment, supported by affidavits that defendant had originally presented a bill for $3,600 for legal service and the reduction to $3,000 was in compromise and settlement of the account.

Plaintiff filed opposing affidavits showing that, at the meeting in the lawyer's office, plaintiff executed the accord and satisfaction under duress inasmuch as Knoeller said to him that, unless he signed the accord and accepted the proffered check Knoeller would not give him anything.

By further affidavits by Knoeller, and by a witness, Knoeller denied the alleged coercion and by uncontradicted affidavits it appeared that Mahringer retained possession of the unsigned check for forty-five days after which he procured Knoeller's signature, indorsed the check "In full of account," and deposited it in his account.

Defendant also contends that plaintiff has waived his right to proceed in an action at law and is estopped from so proceeding because defendant submitted his disagreement to the arbitration of the Milwaukee Bar Association and agreed to be bound by it. Neither the trial court nor we consider that the facts in defendant's affidavits are sufficient to support a summary judgment in his favor on that ground.

But the circumstances appeared to the trial court that the pleadings and affidavits establish conclusively that there was

an accord and satisfaction leaving no issue of fact for trial. The court stated its conclusions in a memorandum decision as follows:

"Where adequate time has intervened between the initiating act as to an agreement and the ultimate consummation of such agreement so as to afford ample opportunity for independent reflection by the one claiming duress, the initial duress, if such in fact existed, does not vitiate the agreement or transaction. *Wolff v. Bluhm*, 95 Wis. 257; *Rochester Machine Tool Works v. Weiss*, 108 Wis. 545; *Batavian Bank v. North*, 114 Wis. 637.

"It was held in the case of *Olson v. Northwestern Furniture Co.* 6. Wis. (2d) 178, 182, as follows:

" 'A claimant's acceptance and retention of a payment which he knows is tendered by an alleged debtor in full settlement of a disputed obligation constitutes an accord and satisfaction. *Thomas v. Columbia Phonograph Co.* (1911), 144 Wis. 470, 129 N. W. 522.'

"It was further stated in the *Olson Case, supra,* page 182, as follows:

" 'It appears to be the general rule, however, that a notation "In full" upon the check sufficiently shows that the payment was tendered upon the condition that it be accepted in full satisfaction. 1 Am. Jur., Accord and Satisfaction, p. 225, sec. 24. See cases cited in Anno. 34 A. L. R. 1035, 1036, and Anno. 75 A. L. R. 905.'

"It is undisputed that the plaintiff had accepted and retained the check of the defendant. Under the circumstances as now presented by the pleadings, exhibits, and affidavits in support of the motion for summary judgment, this court is of the opinion that the agreement entered into between the plaintiff and the defendant in regard to the settlement in relation to the fees which the defendant charged the plaintiff constituted an accord and satisfaction."

Mr. Justice BROWN, Mr. Justice FAIRCHILD, and Mr. Justice DIETERICH concur in the trial court's decision and would affirm the judgment.

Mr. Justice BROADFOOT, Mr. Justice CURRIE, and Mr. Justice HALLOWS are of the opinion that the assertions in Mah-

ringer's affidavit raised issues of fact that require a trial. It is their contention that we are not dealing with a settlement between two businessmen of equal bargaining power. They point out that the parties were attorney and client, a highly fiduciary relationship, and that an attorney holding money belonging to a client is in a superior bargaining position that gives him a decided advantage in making a settlement. They consider that a transaction that amounts to an accord and satisfaction between two businessmen may not have such effect as between attorney and client. This is because the superior bargaining power of the attorney resulting from holding his client's money may be the legal equivalent of coercion which would invalidate an accord and satisfaction between others. They consider that the lapse of time between June 19, 1957, and August 7, 1957, is immaterial and that Mahringer waived no rights when on such latter date he presented the check for signature in order to obtain his own money already due him, particularly in view of the fact that during a considerable portion of that time the attorney was on vacation and could not be reached. They are of the opinion that there must be a trial to determine whether, under all the circumstances, a valid compromise settlement free from such coercion was reached by the parties on June 19, 1957, and, if no valid settlement was reached, then there should be a determination as to a reasonable fee for the legal services performed for the plaintiff by the defendant. Therefore they would reverse the judgment and remand the cause.

The court being evenly divided, the judgment of the trial court must be affirmed.

Judgment affirmed.

MARTIN, C. J., took no part.