## PHILLIPS VS. PHILLIPS.

DIVORCE: (1, 2.) *Condonation of cruelty, by subsequent cohabitation.* (3, 4.) *Such condonation conditional; how right revived.* (5.) *Costs of appeal in divorce suit.*

1. It is an established principle in the law of divorce, that *cruelty* may be condoned.
2. Subsequent cohabitation, especially where continued for years, constitutes such a condonation, though, if continued for only a very short time, it might not be so regarded.
3. The condonation is *conditional* upon subsequent good conduct; and the effect of cruelty so condoned may be *revived* by subsequent acts of *a similar nature,* though slighter in degree, and such as might not of themselves be sufficient ground of divorce.
4. Where the parties cohabited as husband and wife for eight years after acts of gross physical violence by the husband, these are *held* not to have been revived by mere harsh words such as were shown in this case.
5. On appeal from a judgment denying a divorce asked by the wife, this court, in view of the facts that the judgment was clearly right, and that the defendant is in very moderate circumstances, and has already paid $113 as suit money, and that, on the other hand, his conduct was harsh and blameworthy, requires him to pay the fees of the clerk of this court and about half the expense of printing the plaintiff's case and brief.

APPEAL from the Circuit Court for *Winnebago* County.

This action was brought by *Mrs. Almira Phillips* against her husband, *Nelson Phillips,* for a dissolution of their marriage, on the ground of cruel and inhuman treatment of the plaintiff by the defendant. The circuit court found that none of the material allegations of the complaint were true, and rendered judgment dismissing the complaint. The plaintiff appealed.

*Freeman & Hancock,* for appellant.

*Gabe Bouck,* for respondent.

DIXON, C. J. It is an established principle in the English law of divorce, and in the law of this country, that cruelty, as well as adultery, may be the subject

of condonation. *Snow v. Snow*, 2 Notes Cas. Supp. 1, 15; *D'Aquilar v. D'Aquilar*, 1 Hagg. 733; *Beebe v. Beebe*, 1 Hagg. 789; *Gardiner v. Gardiner*, 2 Gray, 441; *McDwire v. McDwire*, Wright (Ohio), 354; *Barnes v. Barnes*, id. 475; *Questel v. Questel*, id. 491; *Threewits v. Threewits*, 4 Des. 560; *Wright v. Wright*, 3 Texas, 168, 187; *Masten v. Masten*, 15 N. H. 160; *Burr v. Burr*, 10 Paige, 20; *Whispel v. Whispel*, 4 Barb. 217; 2 Bishop on Marriage and Divorce, §§ 50, 51. Condonation takes place where, after the injury, the parties have become reconciled, and have lived together, or cohabited as husband and wife. Such cohabitation is a forgiveness of the injury, which prevents its being afterwards brought forward as a ground of divorce. It is true, as was held in the two cases last cited, that it is a conditional forgiveness only. It is subject to the implied condition that the injury shall not be repeated, and that the other party shall thereafter be treated with conjugal kindness. And it is likewise true, as was held in the same cases, that former injuries will be revived by subsequent misconduct of a slighter nature than would have been necessary to constitute an original cruelty entitling the injured party to a judgment of divorce. But, notwithstanding this latter rule, and giving to it the fullest operation, we are of the opinion that no cause of divorce was shown in this case. The defendant is a man who at times gives way to feelings of sudden anger and excitement, and indulges in profane, reproachful and threatening language and epithets, and who on such occasions has perhaps, in years gone by, committed acts of cruelty and violence to and upon the plaintiff, which, if a separation had immediately followed, and an action been commenced, would have justified a judgment of divorce. The conduct of the defendant on such occasions, in seizing, beating, pushing and choking the plaintiff, was certainly most reprehensible, cruel and improper; but no act of this

kind is alleged or shown to have been committed within the last eight years before the separation, and before this action was commenced. During all that period the parties lived and cohabited as husband and wife, with at most only occasional harsh or threatening language on the part of the husband. This was surely a condonation and pardon of all past acts of cruelty, although cohabitation for a very short time, or for a single night, may not be. *Gardner v. Gardner, supra.*

And the subsequent misconduct which operates as a breach of this conditional reconciliation, and revives past acts of cruelty as a ground of divorce, must be some similar act of violence or abuse, though it may be of a much slighter and less aggravated nature, and such as would not of itself sustain the action. Or if mere words will so operate, they must be more rude and abusive than those spoken by the defendant on the occasion of the plantiff's leaving his house. "The morning before I left, the defendant said he would turn all the damn scrape of us out of doors, and I understood that he turned me out, but he told me afterwards that he did not." This is the testimony of the plaintiff herself, and according to her statement the sole immediate cause of her separation. The defendant denies that the words spoken were applied to her, or intended to be, but only to other persons then resident in the house. It is too clear, we think, to require additional remarks, that with this as the immediate cause of separation, former acts of cruelty, which had been condoned for years, were not revived so as to constitute a ground for divorce.

In this case there is a petition for suit money and the expenses of proceedings in this court. The plaintiff represents herself as without any means whatever, and asks that the defendant be ordered to pay such sum as the court in its discretion shall think proper. The costs of printing the case and brief on

the part of the plaintiff are stated to be $105. The fees of the clerk of this court will probably be $15 more. The defendant is a farmer in very moderate circumstances. He has a farm valued at $4,000, subject to a mortgage of $1,000 and some accrued interest. All his personal property consists of his household furniture and farming utensils, worth about $400. Besides the mortgage debt he ows $150. He makes affidavit that his entire income from the products of the farm is barely sufficient to pay accruing interest on the mortgage and for his support. It also appears that the defendant has already paid, by order of the court below, $113, namely, $50 to the plaintiff's attorneys, and $63 fees of the referee. Under these circumstances, we have had some doubt whether we should make any order granting an allowance to the plaintiff for the costs and expenses in this court. The appeal, whilst it may not be said to be vexatious, is yet one which ought not to have been brought. The plaintiff should have been content to abide by the decision of the court below, as it was very clear that her case was without merits to justify further prosecution. Ordinarily suit money ought not to be granted in such a case. *Krause v. Krause,* 23 Wis. 354. But here the defendant has not been altogether blameless. It may be a salutary admonition to him to govern himself, and regulate his conduct in future, if he is required to pay the whole or a part of the costs of printing and the clerk's fees. We shall direct, therefore, that he pay the fees of the clerk of this court, and the further sum of fifty dollars.

The order upon the petition will be so entered, and the judgment appealed from will be affirmed.

*By the Court.*—It is so ordered.