Roelke vs. Roelke.

## ROELKE, Appellant, vs. ROELKE, Respondent.

*March 20 — May 16, 1899.*

*Divorce: Cruel and inhuman treatment: Corroboration: Appeal: Findings: Division of estate: Excessive allowance: Title to land: Unprobated will.*

1. In an action for divorce on the ground of cruel and inhuman treatment, where the only act of physical violence alleged or proved took place in the absence of witnesses, the testimony of a nineteen year old son that he saw the marks on his mother's face, immediately after she left the house on that occasion, is a sufficient corroboration of plaintiff's testimony as to cruel treatment, under Circuit Court Rule XXIX.

2. Although but a single act of physical violence was shown, findings that it was unsafe for plaintiff to live longer with defendant and that she was entitled to a divorce will not be disturbed on appeal, since much depends upon the condition in life of the parties, their sensibilities, and the effect of the acts complained of on the party complaining, and those matters are peculiarly within the knowledge of the trial court.

3. Where the trial court found the aggregate of the defendant's property to be $18,900, and that he owed debts amounting to $5,410, an award to the plaintiff as a final division of the property of one farm worth $6,000, and also $400, in money, in addition to sums awarded her for support of the children, is too large.

4. On final division of property in an action for divorce, a farm cannot be considered as part of defendant's estate, where it had belonged to his mother and she, now deceased, and his father, now living, had in her lifetime made a joint will devising it to him, such will never having been probated, and he not being the sole heir.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

This is an action for divorce upon the ground of cruel and inhuman treatment. After trial the court found that the parties were married in 1872; that they have six children, viz. Magdalena, aged eleven years; Laurenz, aged thirteen years; Frank, aged nineteen years; and three adult children, who do not live at home; that the defendant for a

Roelke vs. Roelke.

year prior to the 18th of May, 1898, was guilty of cruel treatment, by the use of abusive language, and that on said 18th of May, 1898, he assaulted the plaintiff, and choked her, and finally drove her from their home, and that it was unsafe for the plaintiff to live longer with the defendant; that the plaintiff is fifty years of age, and unable to perform severe labor, and that the defendant is forty-three years of age, in good health, and able-bodied; that the parties had no property when they were married, except that the plaintiff then had $400, which she gave to the defendant; that the plaintiff has helped to accumulate the property of the parties, doing housework and farm labor; that the property of defendant consists of one farm of 200 acres, worth $8,000; another farm of 145 acres, worth $6,000; and a third farm of sixty acres, received under the will of his mother, worth $2,400; and personal property worth $2,500; and that he was indebted to the amount of $4,900, besides a charge of $510, payable to his sister and two brothers, charged upon the sixty-acre farm. The court adjudged a divorce, and, as a final division of property, gave the plaintiff the 145-acre farm, with the crops upon it, free of incumbrance, together with $400 in cash, and one half of the beds and bedding, and adjudged that the defendant pay her for the care and education of Laurenz $50 per year for two years, and for the care and education of Magdalena $50 per year for five years, all of which payments were made a lien upon the 200-acre farm. From this judgment the defendant appeals.

For the appellant there were briefs by *R. M. La Follette* and *Rufus B. Smith*, and oral argument by *Mr. Smith*.

For the respondent there were briefs by *Bashford, Aylward & Spensley*, and oral argument by *R. M. Bashford*. To the point that the court did not award the plaintiff too large a share of the property, they cited *Harran v. Harran*, 85 Wis. 299; *Webster v. Webster*, 64 Wis. 438; *Donovan v.*

*Donovan,* 20 Wis. 616; *Williams v. Williams,* 29 Wis. 517; *Gallagher v. Gallagher,* 89 Wis. 461; *Pauly v. Pauly,* 69 Wis. 419; *Ressor v. Ressor,* 82 Ill. 442; *McChesney v. McChesney,* 91 Wis. 268.

The following opinion was filed April 4, 1899:

WINSLOW, J.   We were asked to reverse this judgment of divorce on the merits because the plaintiff's testimony as to cruel treatment was not corroborated by the testimony of other witnesses.   Circuit Court Rule XXIX, sec. 2.   The only act of physical violence which was alleged or proved was a striking and choking of the plaintiff by the defendant on May 18, 1898.   This was alleged to be in the absence of all other witnesses, but it was corroborated by the testimony of the nineteen year old son, who testified to seeing the marks upon his mother's face and throat immediately after she left the house.   This seems to have been the only corroboration possible.   Had a judgment of divorce been denied, we should probably not have interfered with the judgment. The case is certainly not a strong one.   But the trial judge saw the parties, and could judge far better than we can whether or not the conduct of the defendant toward the plaintiff has been such as to make life intolerable and unsafe for the plaintiff.   A single act of physical violence does not always justify divorce, even in connection with previous unhappy relations.   Much must always depend upon the condition in life of the parties, their sensibilities, and the effect of the acts complained of upon the party complaining; and all of these matters are peculiarly within the knowledge of the trial judge, and cannot be so well known to an appellate court.   We do not, therefore, feel that we can reverse the findings of the trial court upon the question of divorce.

We think, however, that too large a share of the estate was given to the plaintiff.   The court found that the defendant owned three farms, aggregating in value $16,400,

and personal property amounting to $2,500, making $18,900 in all, and owed debts amounting to $5,410, leaving a net balance of $13,490. The court awarded to the plaintiff one farm worth $6,000, and also $400 in money, making $6,400, in addition to the sums awarded for the support of the children. This is practically one half of the defendant's estate, even on the basis that the court's figures are correct. But it is very certain that the evidence shows no ownership by the defendant of the sixty-acre farm valued at $2,400. The case shows that this land belonged to the defendant's mother, and that the mother (now deceased) and his father (still living) made a joint will in 1879, leaving their property to the defendant, subject to bequests of $510. This will has never been probated, and whether it will be admitted to probate when presented is a question not now determinable. Certainly it carries no title until probated. If not admitted to probate, it appears that there are three other heirs to share the property with the defendant. Therefore this sixty acres of land cannot be considered as part of the defendant's estate. Taking this out, the defendant's estate would amount to $16,500, subject to debts of $4,900, leaving a balance of $11,600. Considering that this property is composed of incumbered real estate, which cannot be readily sold, the allowance of $6,400 to the plaintiff seems entirely too large. The situation is much like that presented in *McChesney v. McChesney*, 91 Wis. 268, and much that is there said is applicable here.

After allowing the plaintiff the sum of $400, which she contributed on her marriage, and the money allowances for the support of the children which the court made and which seem reasonable, there should be allowed her one third of the husband's net estate, and no more. We think the allowance should be made in land, unless the trial court should conclude that a division of the land is impracticable without serious loss, but we are not in position to make the

allowance. It must go back to the trial court for that purpose, with the right to take such further testimony as it may deem necessary to determine whether a division of the land is practicable, and, if so, how many acres of the defendant's lands should be awarded to her in order to conform to these views, and, if a division be not practicable, then to determine how much money should be awarded to the plaintiff.

*By the Court.*— That part of the judgment providing for the transfer to the plaintiff of the title of the farm of 145 acres is reversed, and in all other respects the judgment is affirmed, and the action is remanded for further proceedings in accordance with this opinion. The defendant will pay the clerk's fees of this court, and will also pay the plaintiff's attorneys $50 for counsel fees in this court, and the costs of printing plaintiff's brief.

A motion for a rehearing was denied May 16, 1899.