LINDENMANN, Respondent, vs. LINDENMANN, Appellant.

*May 8—May 29, 1903.*

*Divorce: Final distribution and division of husband's estate: Amount.*

Defendant was awarded an absolute divorce from plaintiff; each party being found guilty of cruel and inhuman treatment. On final separation, before the commencement of the action, plaintiff secured household goods valued at $400, which was about one half of the husband's personal property. The net value of defendant's real estate, deducting mortgage and other indebtedness, was $2,004. *Held*, that under sec. 2364, Stats. 1898 (providing that a final division and distribution of husband's estate shall be made with "due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character and situation of the parties, and all the circumstances of the case"), plaintiff should not be awarded judgment for more than $650.

APPEAL from a judgment of the superior court of Milwaukee county: ORREN T. WILLIAMS, Judge. *Modified and affirmed.*

Defendant appealed from that part of a judgment of the superior court of Milwaukee county in a divorce action which awards to plaintiff the sum of $2,000 as and for a final division and distribution of the defendant's estate. Plaintiff alleged failure to support, and that the defendant had been guilty of cruel and inhuman treatment, and prayed for a judgment of divorce from bed and board, and for an allowance of alimony out of defendant's property, or for a division and distribution of the defendant's estate, as the court might deem just. The defendant answered, admitting the marriage and residence of the parties, but denied that he was guilty of the acts complained of, and counterclaimed, charging cruel and inhuman treatment, and demanded judgment of absolute divorce. The parties were married November 28, 1893. No children are living as the issue of said marriage.

The parties are found guilty of cruel and inhuman treatment toward each other, and defendant was awarded a judgment of divorce from the bonds of matrimony. When the parties separated, the plaintiff secured household goods and effects valued at about $400, which amount represented about one half of defendant's personal property. All of defendant's real estate is incumbered by mortgages, his equities therein being valued at $4,150. Aside from his mortgage indebtedness he owed $2,146, leaving the net value of his property $2,004.

For the appellant there was a brief by *Doerfler, McElroy & Eschweiler,* and oral argument by *F. C. Eschweiler.*

For the respondent there was a brief by *Fiebing & Killilea,* attorneys, and *Adolph Huebschmann,* of counsel, and oral argument by *O. J. Fiebing.*

SIEBECKER, J. The plaintiff in this case was awarded the sum of $2,000 out of defendant's estate, as a reasonable sum for a final division and distribution thereof. Had the amount of defendant's property above his indebtedness been in the form of money, we find it difficult to perceive how an award of $2,000 to plaintiff could be deemed just and reasonable, under the statute prescribing that such final division and distribution of defendant's estate shall be made with "due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character and situation of the parties and all the circumstances of the case" [sec. 2364, Stats. 1898]. The fact that the defendant's property consists of equities in real estate, heavily incumbered with mortgages, renders it of uncertain value in the market, and difficult to convert into cash. Plaintiff's cruel and inhuman treatment of the defendant, as well as her failure to keep and perform her obligations as a wife, are important facts bearing upon the amount to be awarded her out of the husband's estate. We think that, under all the facts

and circumstances, the plaintiff should not recover more than $650 as and for a final division and distribution of the husband's estate. Among the decisions of this court controlling in this case are *McChesney v. McChesney,* 91 Wis. 268, 64 N. W. 856; *Roelke v. Roelke,* 103 Wis. 204, 78 N. W. 923; and *Von Trott v. Von Trott, ante,* p. 29, 94 N. W. 798. No other question is presented on this appeal.

*By the Court.*—That part of the judgment appealed from, providing for a final division and distribution of defendant's estate, is modified so as to award plaintiff $650 as a final division and distribution of the defendant's estate, and as so modified the judgment is affirmed. No costs allowed to either party. The defendant will be required to pay the fees of the clerk of this court.