EDLEMAN, Respondent, vs. EDLEMAN, Appellant.

*May 2—June 23, 1905.*

*Divorce: Condonation: Revival: Division of property: Foreign tax laws: Presumptions.*

1. Condonation of marital offenses is conditioned upon subsequent good conduct, and, if similar misconduct follow, the condonation is abrogated and the former causes for divorce are revived.
2. In the division of property on divorce, ordinarily one third of the husband's property is a liberal allowance to the wife unless there are special circumstances to warrant a greater allowance.

3. In a divorce action it appeared, among other things, that defendant was a brokendown man, irreclaimably addicted to habits of intoxication, and not in sound health either physically or mentally. Plaintiff was a capable and intelligent woman, in good health, able to manage affairs and to make property productive; she had a considerable property of her own sufficient to keep her from want, had no children to support, and had not aided in accumulating such property as defendant had. *Held*, that an allowance to her of more than one third of defendant's property was not justified.

4. Where, in a divorce action tried in December, 1903, on the issue of division of property it appeared that plaintiff had never paid taxes on real estate in Tennessee deeded to her by defendant in 1896; and no evidence was given as to the laws of Tennessee with reference to the forfeiture of property for taxes, it must be presumed that the laws of Tennessee are identical with the laws of Wisconsin on that subject and her title cut off at the time of the trial, and hence the Tennessee real estate should not have been taken into consideration in making a division of property.

5. In such case, where such conclusion results rather from absence of proof than actual disclosure of the situation, on reversal the plaintiff is given opportunity to make proof, if she desire, as to the condition of the title and the value of that parcel of property.

6. When, on division of property in a divorce action, real estate is awarded one party, and the only method of equalization is by imposing a charge thereon, exact equalization is not necessary, since a money charge is more available and more certain in value than the property.

APPEAL from a judgment of the circuit court for Green county: B. F. DUNWIDDIE, Circuit Judge. *Affirmed in part; reversed in part.*

Appeal by defendant from judgment granting divorce at the suit of the wife on the ground of cruel and inhuman treatment and habitual drunkenness and dividing the property of the parties between them. The facts sufficiently appear in the opinion.

*J. L. Sherron* and *A. S. Douglas,* for the appellant.

*Colin W. Wright,* attorney, and *William G. Wheeler,* of counsel, for the respondent.

Edleman v. Edleman, 125 Wis. 270.

DODGE, J. We are unable to discover, from examination of the evidence, any such clear adverse preponderance as to warrant us in setting aside the conclusion of the court that habitual intoxication and cruel and inhuman treatment were proved sufficient to constitute a ground for divorce. The argument urged by appellant that the evidence proves a condonation after most of the acts of misconduct were committed is met by the fact that it also proves a renewal of such acts after the mutual pledges which are claimed to constitute the condonation. It is entirely well established that condonation of marital offenses is conditioned upon subsequent good conduct, and, if similar misconduct follow, the condonation is abrogated, and the former causes for divorce are revived. Bishop, Mar., Div. & Sep. § 308; *Phillips v. Phillips,* 27 Wis. 252; *Crichton v. Crichton,* 73 Wis. 59, 40 N. W. 638. As to the division of property, however, we cannot but feel that the trial court's decision is far too favorable to the plaintiff. This court laid down the rule at an early day that upon division of property, in the absence of special circumstances, the share of the wife might range from one third to one half. *Varney v. Varney,* 58 Wis. 19, 16 N. W. 36. Later cases have indicated our view that ordinarily one third is a liberal allowance to the wife, unless there are special circumstances to warrant a greater allowance. *Roelke v. Roelke,* 103 Wis. 204, 78 N. W. 923; *Martin v. Martin,* 112 Wis. 314, 87 N. W. 232, 88 N. W. 215; *Von Trott v. Von Trott,* 118 Wis. 29, 94 N. W. 798; *Lindenmann v. Lindenmann,* 118 Wis. 175, 95 N. W. 96. In this case we can discover none of such circumstances. The defendant is evidently a brokendown man, doubtless irreclaimably addicted to habits of intoxication, and not in sound health either physically or mentally. Plaintiff, on the other hand, seems to be a capable and intelligent woman, in good health, able to manage affairs, and to make property productive. She also has a considerable property of

her own sufficient to keep her from want, and has no children to support. She did not aid in accumulating the property defendant has. We cannot think an allowance to her of more than one third at all justified. The property held by the two parties, but derived from the husband, were the homestead, household furniture, a piano, an adjoining lot with his shop on it, and certain personal property consisting of housemoving and carpenter tools, and perhaps a tract of land in Tennessee. The court awarded the homestead, household goods, and piano to the plaintiff; awarded the shop-lot and other personal property and the Tennessee property to the defendant. In placing values upon the real estate it is noticeable that the court adopted the lowest value mentioned by any one for the homestead, namely, $2,500, and the highest value estimated by any of the witnesses to the other lot and to the Tennessee property. He also held the defendant bound by an admission in his answer that he had personal property to the amount of $2,000. In this immediate respect we think the court overlooked the fact that the defendant claimed to own the household goods and piano; and, even holding him to his admission, it would result in a value of considerably less than $2,000 as the admitted value of all his other property. It quite conclusively appeared on the trial, however, that $500 would have been a full valuation of such other personal property. The court also treated the Tennessee land as an asset of the value of $1,200, and decided that the household furniture, though purchased by the defendant, belonged to the plaintiff, because she had advanced him money as much as it was worth. The piano is not mentioned in the court's decision, except as it is awarded to the plaintiff. We are convinced that error was committed in treating the Tennessee property as of any value. It was proved by plaintiff's own admissions that she had never paid taxes on the property deeded to her by the defendant in 1896; that she had thought that he paid taxes for one or two

years. No evidence was given as to the laws of Tennessee with reference to the forfeiture of property for taxes, but, in the absence of such proof, they must, under familiar rules of this court, be presumed identical with the laws of Wisconsin on that subject. *MacCarthy v. Whitcomb,* 110 Wis. 113, 85 N. W. 707; *Hyde v. German Nat. Bank,* 115 Wis. 170, 91 N. W. 230. By our laws the title to the property would have been entirely cut off at the time of the trial; hence it should not have been taken into consideration in making a division. Inasmuch, however, as this conclusion results rather from absence of proof than from actual disclosure of the situation, the plaintiff should have opportunity to make proof, if she desires, as to the condition of the title and the value of this parcel of property. We cannot view the property assigned to plaintiff, in comparison with the values placed upon property assigned to the defendant, as worth less than $2,800. We cannot view the admissions in the answer as establishing more than a value of $1,300 for personal property retained by the defendant. These, with the court's valuation of $1,000 for the shop-lot, make a total of $5,100. From this the plaintiff should receive about $1,700 and the defendant about $3,400. If plaintiff is to retain the homestead, as she seems to desire, the only method of equalization is by imposing a charge thereon, which, however, need not exactly equalize, as, doubtless, a money charge is more available and more certain in value than the property. *Roelke v. Roelke,* 103 Wis. 204, 78 N. W. 923. We think that, unless affirmative proof is made of some practical title to the Tennessee property, and of the true cash value of that title if imperfect, the defendant should have a charge of $800 upon the homestead, and that the title to the Tennessee property should be left undisturbed in the plaintiff. If, however, she should make proof of such title to the Tennessee property and its value, the same should be transferred to the defendant, and a charge then made upon the homestead sufficient to ap-

proximately equalize a division of one third to plaintiff and two thirds to defendant.

*By the Court.*—Judgment of ·divorce is affirmed. The judgment making division of property is reversed, and cause remanded for further proceedings in accordance with this opinion. No costs will be taxed in this court, but appellant must pay the clerk's fee.