WEICHERS, Respondent, vs. WEICHERS, Appellant.

*October 9—November 7, 1928.*

*V. J. Collins* and *James Murray,* both of Fond du Lac, for the appellant.

For the respondent the cause was submitted on the brief of *G. Holmes Daubner* of Waukesha.

ESCHWEILER, J.   The plaintiff admitted conduct on her part with others which would justify complaint or criticism by her husband.   She testified that the defendant struck her with his fist on the chin November 11, 1927.   It appears, however, that she continued to live with him at North Fond du Lac until about December 25th following, when she left, taking their infant with her to her parents at Waukesha. Shortly thereafter defendant called at her parents' home and demanded that she return to his home, and, according to her version of what there took place, she told him that she could not return until the servant working for her mother and whose work plaintiff was then doing would return, and that the time of such return was unknown.   Nothing further seems to have been done in that regard by either party and this action was commenced within two weeks thereafter.

The circuit court rules of this state relating to actions for divorce, by Rule XXVIII, sec. 3, make provision as to the proof of residence, and also that no judgment of divorce shall be granted on the testimony of the plaintiff therein unless corroborated as to all the other material allegations of the complaint by the testimony of one or more witnesses, except in cases of cruel and inhuman treatment alleged to have taken place when no witness was present competent to testify to the same.   There was no compliance in pleading or proof with this rule, but the objection on that score is first presented here on appeal.

That the cohabitation of the parties after the claimed as-

sault and battery on November 11th until the plaintiff left on Christmas, as seemingly appears from the record, might be deemed a condonation by the plaintiff of such treatment and therefore a bar to her right to a divorce based on that particular instance, was not asserted in the court below, nor is it presented by defendant on this appeal.

That condonation by subsequent forgiveness, expressed or implied, and continued cohabitation, may be a proper ground for denying a divorce, subject to the condition of future good conduct and to a revival of the cause of action by conduct much slighter than that of the former, is recognized in *Phillips v. Phillips,* 27 Wis. 252; *Crichton v. Crichton,* 73 Wis. 59, 64, 40 N. W. 638; *Edleman v. Edleman,* 125 Wis. 270, 272, 104 N. W. 56; *Hickman v. Hickman,* 188 Iowa, 697, 176 N. W. 698, 14 A. L. R. 929, and note pp. 931, 937.

While it is the general rule that an appellate court such as this refuses to consider questions or matters not presented to the trial court in a regular and proper way (*In re Assignment of Milwaukee S. & W. Co.* 186 Wis. 320, 329, 202 N. W. 693), yet it may do so, and particularly so when public rights or interests are concerned. *Estate of Johnston,* 186 Wis. 599, 608, 203 N. W. 376. That the dissolution of the marriage contract by divorce is a matter wherein public interests as well as the particular private interests of the immediate parties are concerned is a firmly established doctrine. *Andrews v. Andrews,* 188 U. S. 14, 30, 23 Sup. Ct. 237; *Kitzman v. Werner,* 167 Wis. 308, 316, 166 N. W. 789; *Bergevin v. Bergevin,* 168 Wis. 466, 470, 170 N. W. 820. Such being the nature of this action, we feel constrained to give consideration to these matters though not presented to or passed upon by the trial court.

Had the attention of the trial court been timely called to plaintiff's failure to comply by pleading or proof with the requirements of Rule XXVIII, sec. 3, *supra,* or to the pos-

sible condonation, we feel constrained to believe, after a careful inspection of the record, that the result reached below might have been different. Considering the entire record, we feel that the divorce granted the respondent in this case ought not to presently stand.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings.