MOEN, by Guardian *ad litem,* Appellant, vs. MOEN, Respondent.

*June 4—June 22, 1946.*

*F. E. Yates* of Eau Claire, for the appellant.
No appearance and no brief for the respondent.

BARLOW, J.   This is an action for divorce on the grounds of cruel and inhuman treatment, sec. 247.07 (5), Stats. The only witnesses in the case were sworn on behalf of plaintiff, as defendant did not put in an answer, although she appeared by an attorney.

Plaintiff, Claire T. Moen, a minor, and defendant, Ruth Moen, were married on the 14th day of May, 1945, while plaintiff was home on leave from the navy.  They spent a three-day honeymoon in Minneapolis, Minnesota, and on their return to Eau Claire they lived together two or three days at the home of defendant's mother.  Defendant wanted the plaintiff to turn over to her the sum of $700 which he had in a savings account, and she demanded that she be made the beneficiary of his insurance policy in the amount of $10,000. The plaintiff refused to turn over his savings account, and offered to make her beneficiary of one half of his insurance policy, leaving his mother as beneficiary of the other half of the policy.  This was not satisfactory to defendant, and nothing was done about it.  She returned to her home, and on May 27, 1945, plaintiff returned to the United States navy, destined for overseas.  Plaintiff wrote defendant three letters while aboard ship, which were not answered.  Defendant started a divorce action against plaintiff in July, 1945, alleging cruel and inhuman treatment, and that he was an habitual drunkard, and also that he failed to support her, even though she was getting a service allotment of $50 a month. Application for divorce was denied.  When plaintiff returned from service he attempted to talk with her when he met her, but she refused to talk with him.  The trial court held this

did not amount to cruel and inhuman treatment, and that even though it may constitute wilful desertion, it had not existed for sufficient time to be grounds for divorce.

This is one of those unfortunate wartime marriages, although the parties had known each other for some time prior to their marriage. It is easy to understand that it was depressing to the plaintiff to have his wife refuse to correspond with him while he was in service, but when he returned from service he attempted to contact her several times with a view of continuing their marriage relations, and when she refused to talk with him, he started this divorce action. It is evident the defendant does not intend to live with the plaintiff, and that she deserted him shortly after their marriage and prior to the time he returned to military service. Desertion is grounds for divorce when it continues a sufficient length of time, but it does not constitute cruel and inhuman treatment. Plaintiff testified that defendant refused to have sexual relations with him during the few days they lived together, but the only testimony in the case that the alleged cruel and inhuman treatment on the part of the defendant caused any mental suffering to the plaintiff is the following statement by the plaintiff: "It affected me mentally when she refused to have relations with me." This is not sufficient under the rule in *Bird v. Bird* (1920), 171 Wis. 219, 221, 177 N. W. 4, where the court said:

"In order to constitute cruel and inhuman treatment the conduct of the guilty party must at least be such as to naturally cause great mental suffering to the other and render impairment of health probable, so that further efforts to perform the duties of the marriage state would be dangerous." (Citing *Hiecke v. Hiecke,* 163 Wis. 171, 157 N. W. 747.)

It is considered that the proof is not sufficient to establish cruel and inhuman treatment on the part of defendant to entitle plaintiff to a divorce.

*By the Court.*—Judgment affirmed.