SCHREIBER, Respondent, vs. SCHREIBER, Appellant.

*December 2, 1957—January 7, 1958.*

For the appellant there were briefs and oral argument by *Anna Mae Davis* of Madison.

For the respondent there was a brief by *Puls & Puls* of Milwaukee, and oral argument by *C. Morse Puls*.

CURRIE, J. The appeal from the judgment presents these three issues:

(1) Does the evidence support a finding of cruel and inhuman treatment practiced by the defendant wife toward the plaintiff husband?

(2) Is the plaintiff's cause of action for divorce barred by the rule of condonation as a result of a reconciliation which took place between the parties in October, 1954?

(3) Did the plaintiff engage in such misconduct toward the defendant as to bar his right to a divorce under the doctrine of recrimination?

At the time the divorce was granted Mr. Schreiber was forty and Mrs. Schreiber thirty-eight years of age and they had been married seventeen years. They have three children, the oldest of whom was then thirteen years and the youngest eight years old. The parties for some years had resided in a home owned by them situated on Moose lake in Waukesha county. From such home Mr. Schreiber commuted to his work in the city of Milwaukee. He is an accountant, and for some time prior to the commencement of the instant action held a responsible position as controller of a well-known corporation and earned in salary and bonus approximately $7,800 per year.

The testimony of Mr. Schreiber, which was corroborated by several neighbors, established Mrs. Schreiber to be emotionally immature and unstable. This led her to engage in

frequent tantrums and displays of temper during which she screamed at her husband and the children. These outbursts were not confined to the privacy of the Schreiber home, but on numerous occasions occurred in the presence of neighbors and friends. Mrs. Schreiber embarrassed Mr. Schreiber by such conduct, and by her habit of running to the neighbors with tales of how unhappy her married life was. In these conversations with neighbors she severely criticized her husband. She considered herself his mental superior, and gave expression to her low regard of his intelligence and mental ability in front of the children and other persons. Her tirades on occasion continued into the night depriving Mr. Schreiber of needed sleep. He testified that he had become so nervous and disturbed as a result of her conduct that it adversely affected his health, and interfered with the performance of the duties of his employment.

The testimony establishing these facts amply supported the trial court's findings of fact as to Mrs. Schreiber's cruel and inhuman treatment of her husband.

In October, 1954, Mrs. Schreiber consulted a Waukesha lawyer regarding her marital troubles. This attorney drafted a complaint for divorce and it, together with a summons, was turned over to the sheriff for service on Mr. Schreiber. Mr. Schreiber learned of this before the papers were served and prevailed upon Mrs. Schreiber to withdraw the action, and a reconciliation took place between the parties and they continued to live together. Later, in August, 1955, Mr. Schreiber instituted the action which resulted in the judgment complained of. A considerable portion of the testimony at the trial as to acts of Mrs. Schreiber which evidenced cruel and inhuman treatment toward him took place prior to October, 1954. However, there was testimony establishing that the same course of conduct on the part of Mrs. Schreiber occurred after such reconciliation.

The trial court disposed of the issue of condonation from the bench during the course of trial, and rightly ruled that there was no condonation which would bar the husband's cause of action for divorce. It is well established that condonation of marital offenses is conditioned upon subsequent good conduct, and, if similar misconduct follows, the condonation is abrogated, and the former cause of action for divorce is revived. *Edleman v. Edleman* (1905), 125 Wis. 270, 272, 104 N. W. 56; *Cudahy v. Cudahy* (1935), 217 Wis. 355, 359, 258 N. W. 168; *Gordon v. Gordon* (1955), 270 Wis. 332, 342, 71 N. W. (2d) 386; and Anno. 32 A. L. R. (2d) 107, 155, III, sec. 18.

Recrimination is a doctrine that, if conduct of both parties to the marriage has been such as to furnish grounds for divorce, neither party is entitled to a divorce. *Bahr v. Bahr* (1956), 272 Wis. 323, 325, 75 N. W. (2d) 301. A careful reading of the entire record of testimony given at the original trial discloses that there is insufficient evidence of misconduct on the part of Mr. Schreiber to support a cause of action for divorce against him. Great stress is laid by Mrs. Schreiber's counsel upon the fracas that took place between the parties on the evening the Schreibers were invited to the Oconomowoc Yacht Club party. If Mr. Schreiber did exert any physical violence against her to subdue her in her state of tantrum, there certainly was provocation for the same.

The only issue presented by the appeal from the order is whether the trial court abused the discretion vested in it to vacate the judgment as authorized by sec. 247.37 (2), Stats. *Starzinski v. Starzinski* (1953), 263 Wis. 104, 108, 56 N. W. (2d) 784.

When Mrs. Schreiber petitioned the court to vacate the judgment she appeared by different counsel than had represented her at the original trial. The ground assigned for vacating the judgment was that Mrs. Schreiber had relied

upon the advice of her prior attorney in not calling certain persons as witnesses to testify in her behalf. The petition alleged that such persons "could have more fairly presented to the court the actual living conditions under which the parties lived." At the time of the hearing held on such petition Mrs. Schreiber was permitted to testify in support thereof. In such testimony she gave the names and residences of the persons she omitted to call as witnesses at the original trial, and stated the nature of the testimony each was prepared to give. From Mrs. Schreiber's summary of the testimony such persons would have given, if they had been called as witnesses, it appears that the same would not have negated any of the specific acts of cruel and inhuman treatment which had been testified to by Mr. Schreiber and his witnesses. Neither would the testimony of such uncalled witnesses have been material on the issues of condonation and recrimination. In the main such persons would have been in a position to testify that on the occasional visits made by them to the Schreiber home they observed no quarrels or disharmony between the Schreibers.

Upon such a flimsy showing we are not at all surprised that the learned trial court denied the application to vacate the judgment. Not only did this not constitute an abuse of discretion, but if the trial court had vacated the judgment we would of necessity be required to reverse such action.

*By the Court.*—Judgment and order affirmed.