VAN EREM, Respondent, v. VAN EREM, Appellant.

*October 6—October 31, 1961.*

For the appellant there was a brief by *Flatley, Galloway & Olson* of Green Bay, and oral argument by *Robert H. Flatley.*

For the respondent there was a brief by *Evrard, Evrard, Duffy, Holman & Faulds* of Green Bay, and oral argument by *John P. Duffy.*

CURRIE, J.  The sole issue on this appeal is whether the trial court's division of the estate constituted an abuse of discretion.

The parties were married in Green Bay on June 30, 1951, and one child, a daughter, was born as the issue of the marriage.  Plaintiff husband also had three children by a prior marriage, the youngest of whom was seventeen at the time of divorce.  These children lived with the parties for several years, as did an infant nephew of defendant wife.  The judgment awards custody of the parties' minor daughter to defendant wife, and requires plaintiff to pay $50 per month for the support of this child.  The division of the estate is stated in the judgment to be in lieu of alimony.

At the time of the marriage, plaintiff had an equity in a Green Bay home from which $1,200 was realized, and apparently had very little else in the way of an estate. On the other hand, defendant's brother, in return for loans of money and other favors, transferred a two-family residence in Appleton to her at the time of the marriage. This property was then valued at $15,000 but was subject to a mortgage of $5,500.  Defendant had the deed of conveyance name plaintiff and herself as grantees in joint tenancy. Later,

defendant inherited $564.35 from her grandfather, and this was used in the improvement of property located in the town of Preble, Brown county, which the parties purchased during marriage.

The interior of the Appleton property was in an unfinished state. Plaintiff, a carpenter's helper by occupation, did part of the carpentry work necessary to finish the interior so that this property could be rented. The fair value of plaintiff's labor in so doing was $1,500.

The town of Preble property consists of a building housing two stores and apartments with an adjoining single-family residence. Since 1953, plaintiff has conducted a small appliance and bicycle shop in one of these stores. Both defendant and plaintiff performed labor in improving this property. In addition, defendant, as a saleslady for Watkins' Products, earned $3,817.21 in the years 1951–1955, inclusive, and these earnings were used in acquiring and improving the property. Plaintiff's income-tax returns show that his total earnings during the marriage totaled only slightly over $13,000.

At the time of the divorce there were outstanding mortgages against both the Appleton and the town of Preble properties, and the latter was also subject to some delinquent taxes. The trial court found that the value of the equity in the Appleton property was $16,500 and the value of the equity in the town of Preble property was $10,000.

The trial court awarded defendant the Appleton property, together with the household furniture, and $1,000 to be paid by the plaintiff. Plaintiff was awarded the town of Preble property, subject to a lien in favor of defendant to secure payment to her of the $1,000. He also received the small inventory of merchandise in the appliance store. Apparently there was no cash on hand to be divided. The record fails to disclose the value of the household furniture

or the merchandise on hand. However, plaintiff's 1958 income-tax return showed a year-end value of $910 for this merchandise. At the time of trial there was a $1,400 note, signed by both parties, outstanding against this merchandise. There also were outstanding, as liabilities of the parties, two $500 notes each signed by both parties.

We deem that the recent case of *Wagner v. Wagner,* ante, p. 23, 109 N. W. (2d) 507, provides the precedent which controls the disposition of this appeal. It was there held that, where the estate to be divided on divorce has been partially acquired from capital contributions of the wife, the wife should first be awarded her capital contributions and the residue divided on the basis of an equitable formula. If we apply this principle to the instant case, the result would be:

Equity in Appleton property.........$16,500.00
Equity in town of Preble property.... 10,000.00
$26,500.00
Less two notes of $500 each........ 1,000.00
Net estate exclusive of merchandise stock and household furniture.....$25,500.00
Less defendant wife's capital contributions from her separate estate ($9,500 equity in Appleton property and $564.35 inheritance)..........$10,064.35
Residue to be divided on a formula basis .........................$15,435.65

We have eliminated from the above calculation the value of the household furniture, the value of the merchandise inventory, and the $1,400 note outstanding against the merchandise. The trial court also eliminated these items. Defendant certainly cannot be heard to complain on this ground because the value of the household furniture, on the

basis of the record before us, exceeds the value of the merchandise less the $1,400 note.

There are several factors present which cause us to determine that defendant wife should be awarded approximately one half of the residue of $15,435.65 shown above rather than the traditional one third. These factors are:

(1) Rentals from the jointly owned Appleton property were used in improving the town of Preble property.

(2) Defendant contributed her earnings during the marriage toward meeting living expenses and improving the latter property.

(3) Defendant was awarded no alimony by the judgment.

Therefore, we deem that defendant should have been awarded a division of the estate having approximately the following values:

Return of capital contributions......$10,064.35
One half of residue................   7,717.82
                                    $17,782.17

Defendant actually received the equity in the Appleton property, $16,500, plus a $1,000 payment to be made by plaintiff, or a total of $17,500. Clearly, this division did not constitute an abuse of discretion on the part of the trial court.

The error in the premise, on which the argument of counsel for defendant is grounded, is that the court is obligated to consider the Appleton property as at all times constituting the separate estate of the defendant. The holding of title in the names of both parties, plus the fact that plaintiff performed valuable labor in improving the property, prevents such property from constituting defendant's separate estate at time of trial.

We are somewhat puzzled as to why the judgment does not contain some provision protecting defendant against the contingency of being forced to pay part or all of the $1,400

note given by the parties to acquire the merchandise. Defendant raised this issue after entry of judgment by a motion for review. However, by order entered October 6, 1960, the trial court denied the motion, and defendant has failed to appeal from this order. While this failure to appeal from the order would not preclude a review of the question on appeal from the judgment, it is apparent that the trial court did give this issue careful consideration and determined to let the judgment remain as entered. One reason may have been the court's determination that, as between the parties, defendant may have been only an accommodation maker, and the law would afford her adequate protection against plaintiff in the event she was forced to pay any part of the note.

*By the Court.*—Judgment affirmed.