ZAJDEL, Appellant, v. ZAJDEL, Respondent.*

*October 30—November 28, 1961.*

* Motion for rehearing denied, with $25 costs, on February 6, 1962.

For the appellant there were briefs by *Robert J. Beaudry,* and oral argument by *Mr. Beaudry* and by *Mr. Bernard J. Lutske,* both of Milwaukee.

For the respondent there was a brief by *Tilg & Koch* of Milwaukee, and oral argument by *George W. Koch, Jr.*

FAIRCHILD, J.   Leone claimed in substance that Chester provided money for the living expenses and retained the rest of his earnings; that he had not contributed materially to the purchase of the home and apartment house.   Chester

claimed in substance that prior to 1955, they had pooled their money for all purposes; that he made half the payments on the mortgages by which the purchase of the apartment was financed, and that after Leone in 1954 claimed the apartment house as her own he began to keep his savings separate. The circuit court resolved the conflict without entirely adopting the claim of either party. The court stated orally at the close of the trial that it found the bulk of the assets "to be a product of a family enterprise, even though, it may be true that certain checks, and particularly certain periods, were used in various ways, the wife's savings going into one undertaking, the husband's checks going into another." The court made a written finding that all the assets were acquired by the joint efforts of the parties. The testimony of the parties is in conflict in important particulars and conflicting inferences can be drawn from the records of their transactions. It suffices to say that we have reviewed the record and conclude that the circuit court's finding is not against the great weight and clear preponderance of the evidence.

Leone's claim, if sustained, would have established the home and apartment house as her separate property, and prevented interference with her possession of these assets.[1] The result of the court's finding is that all the assets in Leone's name constitute estate of the wife derived in part from the husband, and therefore subject to division along with the assets in Chester's name.[2]

In the court's oral pronouncement as to the division, the court referred to two bank accounts as containing certain balances which were somewhat larger than the stipulated figures. The balances to which the court referred were

[1] Sec. 247.35, Stats.
[2] Sec. 247.26, Stats.

the actual balances some months before trial and the stipulated figures were the correct balances at the time of trial. While Leone's counsel has used the stipulated figures in his brief on appeal and Chester's counsel has used the figures stated by the court, neither has suggested an explanation of why the court departed from the stipulated figures. In our decision we have used the stipulated figures. The court gave no indication of the reasoning upon which the division was based except for a statement that a 60 per cent allowance to Leone seemed equitable.

"We have held many times that the division of property in divorce actions is a matter peculiarly within the discretion of the trial court and its determination must prevail unless clearly characterized by mistake or error with respect to the facts upon which the court exercised its discretion." [3]

We have recently stated that where the estate to be divided on divorce has been partially acquired from capital contributions of the wife, the wife should first be awarded her capital contributions and the residue divided on the basis of an equitable formula.[4]

For the purpose of testing the reasonableness of the division made by the circuit court we have made our own analysis of the situation. It may not reflect the reasoning actually followed by the court, but does demonstrate to our satisfaction that the division made by the court cannot be termed an abuse of discretion.

The parties' total assets may reasonably be attributed to the following sources:

[3] *Antholt v. Antholt* (1959), 6 Wis. (2d) 586, 588, 95 N. W. (2d) 224.
[4] *Van Erem v. Van Erem* (1961), 14 Wis. (2d) 611, 111 N. W. (2d) 440.; *Wagner v. Wagner* (1961), 14 Wis. (2d) 23, 109 N. W. (2d) 507.

|  | Leone | Chester | Joint Assets |
|---|---|---|---|
| Savings before marriage | $ 8,000 | $ 3,468 | |
| Family gifts early in marriage | 1,000 | | |
| Savings out of earnings during marriage [5] | 20,646 | 24,237 | |
| Savings made possible by apartment rentals | | | $19,313 |
| Increase in value of apartment house | | | 10,000 |
| Inheritance shortly before divorce | | 6,500 | |
| Total | $29,646 | $34,205 | $29,313 |

The award to Leone may reasonably be analyzed as follows:

| | |
|---|---|
| Return of her contributions out of savings, gifts, and earnings | $29,646 |
| Fifty-two per cent share [6] of earnings and appreciation on apartment house | 15,243 |
| Share of Chester's contributions and inheritance (36.2 per cent) | 12,394 |
| Total | $57,283 |

---

[5] We have computed the savings out of earnings during the marriage on the assumption that each party saved the same percentage of his earnings. This assumption seems reasonable in the light of the court's finding that all the assets were acquired by joint efforts and the relatively small amount of the parties' expenditures for living expenses and other personal purposes. Since Leone's earnings were 46 per cent of the total, we have computed her savings out of her earnings at 46 per cent of $44,883, the approximate amount saved by the parties during marriage exclusive of the apartment-house rentals.

[6] We used 52 per cent for the following reasons: Chester's inheritance was received late in the marriage and after the apartment house was paid for. Excluding the $6,500 inheritance, the contributions of both parties out of savings, gifts, and earnings total $57,351. Leone's contribution was 51.7 per cent thereof.

Leone is not to receive alimony. On the other hand she has been continuously employed, apparently can support herself without difficulty, and will have a substantial amount of property. Although a larger award to her could have been sustained, it does not follow that the award made represented an abuse of discretion.

Leone also appealed from a portion of the judgment canceling an arrearage of temporary alimony. It seems to be conceded, however, that the apparent arrearage was the result of an error and was properly canceled.

*By the Court.*—Judgment affirmed.