LASNICKA, Deceased, by personal representative, Respondent, v. LASNICKA, Appellant.*

*No. 189. Argued March 30, 1970.—Decided April 28, 1970.*
(Also reported in 176 N. W. 2d 297.)

---

* Motion for rehearing denied, with costs, on June 26, 1970.

For the appellant there was a brief by *Hersh & Stepke,* and oral argument by *Thomas A. Schulz,* all of Milwaukee.

For the respondent there was a brief and oral argument by *Edwin C. Rachow* of Milwaukee.

HALLOWS, C. J. The defendant raises two issues: (1) That the plaintiff failed to prove the defendant guilty of cruel and inhuman treatment because there was no testimony that his treatment of his wife affected her health, there was no corroborating testimony of the effect of his treatment, and his acts were condoned; and (2) that awarding more than 80 percent of the estate to the wife in lieu of alimony was an abuse of discretion.

The background facts are not in dispute. The parties were married on June 23, 1951. The plaintiff was a beautician and owned her own shop and business. The defendant was a tool and die maker. At the time of the trial the plaintiff was sixty-one years of age and the defendant fifty-eight. Both parties had been previously married and divorced and there were no children of this marriage.

The evidence showed and the trial court found as a fact that "during the time the parties were married, the

defendant pursued a course of cruel and inhuman treatment toward the plaintiff, consisting, among other things, as follows: that the defendant has wrongfully accused the plaintiff of infidelity; that the defendant was possessed of a violent and ungovernable temper and would create arguments practically daily, without cause or provocation; that the defendant used violent and indecent language of and toward the plaintiff; that the defendant beat and struck the plaintiff, leaving black and blue marks on her body and knocked her to the floor and on one occasion, the plaintiff had to crawl through the bathroom window to avoid further beating; all of which has adversely affected the plaintiff's physical health and emotional well being."

The first question is whether there is evidence that Mrs. Lasnicka's health was affected by this cruel and inhuman treatment. Cruel and inhuman conduct must have a detrimental effect upon the physical or mental health of the offended spouse to constitute grounds for a divorce. *Heffernan v. Heffernan* (1965), 27 Wis. 2d 307, 312, 313, 134 N. W. 2d 439; *Mentzel v. Mentzel* (1958), 4 Wis. 2d 584, 91 N. W. 2d 101; *Moen v. Moen* (1946), 249 Wis. 169, 23 N. W. 2d 472. While the effect of the defendant's conduct on the health of his wife is not abundantly set forth in the record, we agree with the trial court the evidence is sufficient. Mrs. Lasnicka testified the conduct of her husband made her nervous and upset; that Dr. Paul B. La Bissoniere advised her to proceed with the divorce action or she would have a nervous breakdown; that she was afraid and cried and had black and blue marks on her body from being beaten by the defendant.

While all of the acts of the defendant are not set forth in this opinion, they are of such a character that they would naturally have a detrimental psychological and physical effect upon the health of a person, even of a woman of a most callous disposition, which Mrs. Lasnicka was not. The trial court could well draw such

an inference which with the other testimony is sufficient to sustain the finding that the plaintiff's health was adversely affected. But it is argued that Dr. La Bissoniere's statement was hearsay and should be disregarded. However, hearsay evidence received without objection is evidence and entitled to whatever probative value it inherently possesses. *Schlichting v. Schlichting* (1961), 15 Wis. 2d 147, 160, 112 N. W. 2d 149; McCormick, *Evidence* (hornbook series), p. 126, sec. 54; Annot. (1936), 104 A. L. R. 1130.

It is argued that there was no corroborating testimony as to the effect of the alleged cruel and inhuman treatment on the plaintiff's health as is required by sec. 247.18 (2), Stats. In *Jacobs v. Jacobs* (1969), 42 Wis. 2d 507, 511, 167 N. W. 2d 238, in construing this statute, this court stated that when it is necessary in a divorce case to have corroboration of proof and such proof was absent, it should be shown that such corroboration was unavailable. Here, the corroborating evidence, though minimal, was sufficient—the daughter testified to her mother's mental condition upon being abused by the defendant. Dr. La Bissoniere considered Mrs. Lasnicka's condition to be such that he advised the continuance of the divorce proceeding to avoid a nervous breakdown. The conduct of the defendant was of such a nature as to make the marital state intolerable and to render Mrs. Lasnicka incapable of performing her duties in married life. There was no intercourse for at least one year before the commencement of the divorce action. A wife who has been unjustly called a lesbian and a prostitute by her husband can hardly have the mental state necessary for conjugal love and the lack of such mental health is sufficient to characterize the course of conduct as "cruel and inhuman treatment" under sec. 247.07.

When cruel and inhuman treatment is alleged as a ground for divorce, it is frequntly argued, as it is here, that the conduct was condoned. Condonation is a doc-

trine which has for its purpose the saving of a marriage by recognizing the forgiveness of one party by the other. However, this doctrine has a built-in condition subsequent based upon the frailties of human nature that subsequent misconduct abrogates the effect of the condonation and revives the previously condoned acts for the purpose of constituting a ground for divorce. *Gordon v. Gordon* (1955), 270 Wis. 332, 341, 71 N. W. 2d 386; *Edleman v. Edleman* (1905), 125 Wis. 270, 272, 104 N. W. 56; *Cudahy v. Cudahy* (1935), 217 Wis. 2d 355, 359, 258 N. W. 168; *Schreiber v. Schreiber* (1958), 2 Wis. 2d 484, 488, 87 N. W. 2d 243; and Annot. (1953), 32 A. L. R. 2d 107, 155, III, sec. 18. After condonation, the status of one guilty of a ground for divorce might be said to be that of probation.

However, we pointed out in *Gordon*, condonation is not abrogated when the recrudescence of the objectionable conduct is provoked by offensive conduct of the person seeking the divorce. The defendant here claims his conduct after condonation was provoked by offensive conduct of his wife. While some of the conduct of Mrs. Lasnicka was not particularly salutory, such as in staying away from home until late at night or early morning and refusing to have marital relations, this conduct was invited and provoked by the course of cruel and inhuman treatment on the part of the defendant. So far as the record shows the conduct of Mrs. Lasnicka was not sufficient provocation to justify the defendant's use of vile and indecent language, accusing her of associating with other men and calling her a lesbian. His conduct was substantial and an over-reaction. Besides conduct constituting a lesser degree of cruel and inhuman treatment than that prior to condonation may revive a cause of action. *Weichers v. Weichers* (1928), 197 Wis. 159, 162, 221 N. W. 733; *Phillips v. Phillips* (1870), 27 Wis. 252; *Cudahy v. Cudahy, supra.*

The defendant claims he was pilloried by the property settlement because the plaintiff received 80 percent of the

estate. We disagree. The total assets of the parties amounted to a little over $28,000. Of this, about $7,000 was the sole property of Mrs. Lasnicka. The bulk of the remaining assets consist of an equity in a Milwaukee home which the court determined to be valued at $18,849. In respect to the home, the plaintiff made a $3,000 down payment, paid $2,000 for the construction of a breezeway, made payments of $875 on the mortgage in 1968, and $500 in arrearage payments on the mortgage. Crediting the plaintiff with these expenditures would reduce the equity to $12,474.

The trial court in making a division gave Mrs. Lasnicka her sole property consisting of real estate in Michigan, her savings account, her checking account, her beauty shop and equipment, and other items and the home in lieu of alimony. The defendant was awarded a savings account, some land in Michigan, tools and equipment, life insurance, a bedroom set of furniture and other items having a total value of $2,953. The court took into consideration Mrs. Lasnicka was dying of cancer, she was hospitalized three times in 1968, and was in need of medical treatment for the rest of her life. The parties had been married for approximately 17 years and Mrs. Lasnicka had paid the gas, electric, telephone bills and much of the food during the marriage. Mrs. Lasnicka's medical bills were her sole responsibility except to the extent that they were covered by insurance of the defendant at the time of trial.

In terms of percentages, it can be said the award to Mrs. Lasnicka is high but the awarding of the home to her in lieu of alimony and freeing the defendant from paying medical expenses was a practical division for the trial court to make under the circumstances. We do not consider the division of property violates the test set down in sec. 247.26, Stats., or the guidelines which have been recently announced by this court for the division of assets in a divorce case. *Van Eren v. Van Eren* (1961),

14 Wis. 2d 611, 111 N. W. 2d 440; *Wagner v. Wagner* (1961), 14 Wis. 2d 23, 109 N. W. 2d 507; *Zajdel v. Zajdel* (1961), 15 Wis. 2d 31, 111 N. W. 2d 896; *Lacey v. Lacey* (1970), 45 Wis. 2d 378, 173 N. W. 2d 142.

Lastly, the defendant argues the trial court failed to properly credit him for the labor he performed on his wife's summer home in Michigan. It is true, he did some work on the property but the record shows the work was incorrectly done and had to be redone, and the costs of the improvements were paid by Mrs. Lasnicka. Besides, the parties used the home without the defendant's paying any upkeep costs, although it is the duty of the husband to provide housing accommodations. When the wife does so, she is entitled upon divorce to consideration for fulfilling the duties of her husband. *Strandberg v. Strandberg* (1967), 33 Wis. 2d 204, 208, 147 N. W. 2d 349.

*By the Court.*—Judgment affirmed.